UNITED STATES, Appellee

v.

Trevis D. MOSBY, Specialist
U.S. Army, Appellant

No. 01-0304

Crim. App. No. 9900437

United States Court of Appeals for the Armed Forces

Argued October 23, 2001

Decided February 15, 2002

CRAWFORD, C.J., delivered the opinion of the Court, in which GIERKE and BAKER, JJ., and SULLIVAN, S.J., joined. EFFRON, J., filed an opinion concurring in part and in the result.

Counsel

For Appellant:  Captain Sean S. Park (argued); Colonel Adele H. Odegard, Lieutenant Colonel David A. Mayfield, and Major Imogene M. Jamison (on brief).

For Appellee:  Captain Jennifer A. Parker (argued); Colonel Steven T. Salata, Lieutenant Colonel Denise R. Lind, and Major Margaret B. Baines (on brief).

Military Judge:  James J. Smith

THIS OPINION IS SUBJECT TO EDITORIAL CORRECTION BEFORE FINAL PUBLICATION.

Chief Judge CRAWFORD delivered the opinion of the Court.

Appellant was convicted, pursuant to his pleas, by a military judge of the involuntary manslaughter of his five-week old son, in violation of Article 119, Uniform Code of Military Justice, 10 USC § 919. Based on a pretrial agreement, a murder charge, as well as three specifications and a charge of aggravated assault, were dismissed. He was sentenced to a bad-conduct discharge, nine years' confinement, and reduction to the lowest enlisted grade. Pursuant to the pretrial agreement, the convening authority approved the sentence but reduced the period of confinement to eight years and nine months. The Army Court of Criminal Appeals affirmed the findings and sentence in an unpublished, per curiam decision.

We granted review of the following issue:

> WHETHER THE MILITARY JUDGE ERRED IN DENYING
> APPELLANT ARTICLE 13 CREDIT BECAUSE APPELLANT
> WAS SUBJECTED TO ILLEGAL PRETRIAL PUNISHMENT
> BY BEING PLACED IN SOLITARY CONFINEMENT SIMPLY
> BECAUSE OF THE SERIOUSNESS OF THE OFFENSE.

For the reasons contained herein, we affirm. Upon his son's death on December 4, 1998, appellant was placed in psychiatric care as an inpatient. He remained hospitalized until he was placed in confinement on December 7, 1998. Appellant arrived at the Marine Corps Base Brig at Camp Lejeune, North Carolina, on December 9, 1998, as a pretrial confinement detainee and was placed in a maximum custody status. This status dictated that

2

he remain in his individual cell with no chance to mingle with the general prison population.  The trial defense counsel moved for additional confinement credit under Article 13, UCMJ, 10 USC § 813,[*] as a result of "unduly harsh conditions of confinement."

The military judge found that the conditions of confinement "were not imposed with the purpose or intent to punish the accused, nor was there an infliction of unduly rigorous circumstances, or circumstances so excessive as to constitute punishment."  He also found that the conditions "were reasonably related to legitimate, governmental objectives and did not constitute punishment in violation of Article 13."  In reaching these findings, the military judge had before him a Memorandum of Military Magistrate's Conclusions, dated December 9, 1998. In finding continued pretrial confinement to be warranted, the military magistrate found:

> [T]he nature of the offense is grave.  The confinee lost his temper and struck his 5 week-old baby's head against a coffee table and against his own knee.  There is medical evidence ... indicating a possible prior assault on the child....  Evidence was presented that the confinee has trouble controlling his temper.
>
> The confinee is a danger to his children and a potential flight risk.  He has demonstrated an inability to cope with stress.  He is now faced with the stress of pending a murder trial.

---

[*] The military judge awarded appellant 136 days of pretrial confinement credit pursuant to United States v. Allen, 17 MJ 126 (CMA 1984).

United States v. Mosby, No. 01-0304/AR

The burden is on appellant to establish entitlement to additional sentence credit because of a violation of Article 13. See RCM 905(c)(2), Manual for Courts-Martial, United States (2000 ed.). The question whether appellant is entitled to credit for a violation of Article 13 is a mixed question of fact and law. United States v. Smith, 53 MJ 168, 170 (2000); United States v. McCarthy, 47 MJ 162, 165 (1997); see Thompson v. Keohane, 516 U.S. 99, 113 (1995).

The question of intent to punish is "one significant factor in [the] judicial calculus" for determining whether there has been an Article 13 violation. United States v. Huffman, 40 MJ 225, 227 (1994), citing Bell v. Wolfish, 441 U.S. 520 (1979). We will not overturn a military judge's findings of fact, including a finding of no intent to punish, unless they are clearly erroneous. United States v. Smith, supra. We will review de novo the ultimate question whether an appellant is entitled to credit for a violation of Article 13.

Other than introducing evidence that appellant was placed in solitary confinement based on the charge alone, appellant has not introduced any evidence of an intent to punish. Both the direct and circumstantial evidence upon which the military judge made his decision, to include the confinement facility officials' decision to keep appellant in maximum custody, support the military judge's determination. See McCarthy, 47 MJ

4

at 165.  Based on this record, we hold that the military judge's findings are not clearly erroneous.  We further hold, as a matter of law, that appellant is not entitled to additional sentence credit for an Article 13 violation.

The decision of the United States Army Court of Criminal Appeals is affirmed.

United States v. Mosby, 01-0304/AR


EFFRON, Judge (concurring in part and in the result):

Although I would apply a de novo standard of review, I agree with the majority that the actions in this case do not demonstrate a purpose or intent to punish under Article 13.  See United States v. Smith, 53 MJ 168, 173 (2000) (Effron, J., concurring in part and in the result).