# UNITED STATES AIR FORCE COURT OF CRIMINAL APPEALS

## UNITED STATES

**v.**

## Airman First Class JACINTA-MARIE R. TOMPKINS
## United States Air Force

## ACM 37627 (recon)

## 18 August 2014

Sentence adjudged 30 September 2009 by GCM convened at Goodfellow Air Force Base, Texas. Military Judge: Michael J. O'Sullivan and Michael A. Lewis (certificate of correction).

Approved sentence: Bad-conduct discharge, confinement for 24 months, forfeiture of all pay and allowances, and reduction to E-1.

Appellate Counsel for the Appellant: Colonel Eric N. Eklund; Lieutenant Colonel Gail E. Crawford; Major Michael S. Kerr; Captain Travis K. Ausland; and Captain Thomas A. Smith.

Appellate Counsel for the United States: Colonel Katherine E. Oler; Lieutenant Colonel Linell A. Letendre; Lieutenant Colonel C. Taylor Smith; Major Daniel J. Breen; Major Deanna Daly; Major Rhea A. Lagano; Major Naomi N. Porterfield; and Gerald R. Bruce, Esquire.

Before

ALLRED, MITCHELL, and WEBER
Appellate Military Judges

OPINION OF THE COURT
UPON RECONSIDERATION

This opinion is subject to editorial correction before final release.

PER CURIAM:

The appellant was convicted at a general court-martial, in accordance with her pleas, of attempted larceny, making a false official statement, using marijuana, larceny, making checks with the intent to defraud, and passing worthless checks, in violation of

Articles 80, 107, 112a, 121, 123a, and 134, UCMJ, 10 U.S.C. §§ 880, 907, 912a, 921, 923a, 934. A panel composed of officer members sentenced her to a bad-conduct discharge, confinement for 24 months, forfeiture of all pay and allowances, and reduction to E-1. The convening authority approved the sentence as adjudged.

*Procedural History*

On 25 January 2013, The Judge Advocate General of the Air Force appointed Mr. Laurence M. Soybel to the position of appellate military judge on the Air Force Court of Criminal Appeals pursuant to Article 66(a), UCMJ, 10 U.S.C. § 866(a). At the time of this appointment, Mr. Soybel, a retired Air Force officer and former appellate military judge, was serving as a civilian litigation attorney in the Department of the Air Force. On 25 June 2013, the Secretary of Defense, "[p]ursuant to [his] authority under title 5, United States Code, section 3101 *et seq.*," issued a memorandum that "appoint[ed] Mr. Laurence M. Soybel, a civilian employee of the Department of the Air Force, to serve as appellate military judge on the Air Force Court of Criminal Appeals." Memorandum from Sec'y of Def. Chuck Hagel for Sec'y of the Air Force Eric Fanning (25 June 2013).

When the appellant's case was initially before us, the appellant assigned errors concerning: (1) the authentication of appellate exhibits in the record of trial[1]; (2) the military judge's refusal to recuse himself; (3) the conditions of pretrial confinement; (4) the military judge's denial of a motion to dismiss based on speedy trial; and (5) post-trial processing delay.

On 18 April 2013, we issued a decision denying the appellant relief. *United States v. Tompkins*, ACM 37627 (A.F. Ct. Crim. App. 18 April 2013) (unpub. op.). Mr. Soybel was a member of the panel that decided the case. Following Mr. Soybel's appointment by the Secretary of Defense on 25 June 2013, we reconsidered the decision sua sponte and on 22 July 2013 issued a new opinion upon reconsideration. *United States v. Tompkins*, ACM 37627 (recon) (A.F. Ct. Crim. App. 22 July 2013) (unpub. op.). Mr. Soybel was again a member of the panel. On 5 September 2013, the appellant moved to vacate the decision on the basis of Mr. Soybel's participation; on 23 September 2013, the appellant petitioned our superior court for review of her case. On 31 October 2013, our superior court converted the appellant's motion to vacate, which was pending before our Court, into a motion for reconsideration. *See United States v. Tompkins*, 73 M.J. 91 (C.A.A.F. 2013) (mem.). On 15 April 2014, our superior court issued its decision in *United States v. Janssen*, 73 M.J. 221, 225 (C.A.A.F. 2014), holding that the Secretary of Defense did not have the legislative authority to appoint

---

[1] After the appellant submitted her assignment of errors, we ordered that the record be returned to the convening authority for a certificate of correction and new post-trial processing to address the concerns raised by the appellant regarding the completeness of the record of trial. The convening authority complied with the order and returned the completed record. This action renders the first issue moot.

appellate military judges and that his appointment of Mr. Soybel to this Court was "invalid and of no effect."

In light of *Janssen*, we granted the motion for reconsideration on 29 April 2014 and permitted the appellant to file a supplemental assignment of errors. The appellant submitted a supplemental assignment of errors asserting she is entitled to relief due to excessive post-trial processing delays. With a properly constituted panel, we have reviewed the appellant's case, to include the appellant's previous and current filings and the previous opinions issued by this Court. Finding no error that materially prejudices a substantial right of the appellant, we affirm the findings. Although we find no prejudicial error in the post-trial processing of this case, we determine that relief is warranted and modify the sentence. The modified sentence is affirmed.

### *Disqualification of the Military Judge*

The appellant asked the military judge to disqualify himself based on a prior supervisory relationship with the detailed trial counsel. The military judge candidly responded to extensive questioning by trial defense counsel concerning the matter and stated that nothing about the prior supervisory relationship would affect his fairness and impartiality in the appellant's case. The military judge entered detailed findings of fact and conclusions of law to support his denial of the motion.

We review the military judge's decision on disqualification for an abuse of discretion. *United States v. Wright*, 52 M.J. 136, 141 (C.A.A.F. 1999). In *Wright*, our superior court found no abuse of discretion in a military judge's refusal to disqualify himself based on a past working relationship with a law enforcement agent who was a material witness and for whom the military judge had high regard. *Id.* The Court emphasized the military judge's "full disclosure, sensitivity to public perceptions, and sound analysis," in finding that "the judge's impartiality could not reasonably be questioned." *Id*. at 142. Such is the case here. The military judge stated that the reason he raised the issue on the record was to ensure a public perception of fairness and, in his conclusions of law, stated that a reasonable person with knowledge of all the circumstances would not reasonably question his impartiality. We find no abuse of discretion in his decision.

### *Pretrial Punishment*

The appellant argues that the military judge erred by denying additional pretrial confinement credit based on unlawful pretrial punishment. The appellant cited four bases to support her claim for additional credit: (1) denial of necessary medical care, (2) failure by the unit to visit her monthly, (3) failure to segregate her from adjudged prisoners, and (4) failure to provide clothing distinct from adjudged prisoners. The military judge entered detailed findings and conclusions to support his denial of the motion.

Article 13, UCMJ, 10 U.S.C. § 813, prohibits purposefully imposing punishment before conviction as well as imposing pretrial confinement conditions more rigorous than necessary to ensure presence at trial. *United States v. Fricke*, 53 M.J. 149, 154 (C.A.A.F. 2000) (citing *United States v. McCarthy*, 47 M.J. 162, 165 (C.A.A.F. 1997)). Where the request for relief is based on a claim that the conditions imposed were more rigorous than necessary, the appropriate inquiry is whether the conditions were reasonably related to a legitimate governmental objective or operating policy of the facility; if not, we may infer an intent to punish. *United States v. James*, 28 M.J. 214, 216 (C.M.A. 1989) (quoting *Bell v. Wolfish*, 441 U.S. 520, 535 (1979)). Unduly rigorous conditions may be so egregious as to give rise to an inference of punishment or so excessive as to amount to punishment. *McCarthy*, 47 M.J. at 165.

We review the issue as a mixed question of law and fact, and defer to the findings of fact by the military judge unless clearly erroneous. *Id.* at 164–65; *United States v. King*, 61 M.J. 225, 227 (C.A.A.F. 2005). We review de novo the conclusions based on those facts. *United States v. Smith*, 53 M.J. 168, 170 (C.A.A.F. 2000). Violations of service regulations prescribing treatment of pretrial prisoners do not trigger a per se right to additional credit, but credit may be warranted when such violations are deliberate and knowing. *United States v. Adcock*, 65 M.J. 18, 25 (C.A.A.F. 2007). The appellant has the burden of establishing her entitlement to relief under Article 13, UCMJ. *United States v. Mosby*, 56 M.J. 309, 310 (C.A.A.F. 2002).

Applying the above standards, we find that the appellant is not entitled to additional pretrial confinement credit based on unlawful pretrial punishment under Article 13, UCMJ. Further, we find no abuse of discretion in the denial of additional credit for unusually harsh conditions under Rule for Courts-Martial (R.C.M.) 305(k). Although some conditions violated Air Force Instructions regarding treatment of pretrial prisoners, we agree with the military judge that the evidence fails to show an intent to punish or that the violations were deliberate and knowing. Finally, considering the violations in the overall context of the case, we find additional relief is not warranted under Article 66(c), UCMJ. *See United States v. Zarbatany*, 70 M.J. 169 (C.A.A.F. 2011).

*Speedy Trial*

The military judge denied the appellant's motion to dismiss based on denial of speedy trial. When an accused is held in pretrial confinement, the Government must show reasonable diligence in moving toward trial. Article 10, UCMJ, 10 U.S.C. § 810; *United States v. Schuber*, 70 M.J. 181, 188 (C.A.A.F. 2011). Alleged violations of Article 10, UCMJ, are evaluated using the four factors identified in *Barker v. Wingo*, 407 U.S. 514, 530 (1972): "(1) the length of the delay; (2) the reasons for the delay; (3) whether the appellant made a demand for a speedy trial; and (4) prejudice to the

appellant." *United States v. Mizgala*, 61 M.J. 122, 129 (C.A.A.F. 2005). We review de novo whether the appellant was denied the right to a speedy trial as a matter of law and are bound by the facts found by the military judge unless they are clearly erroneous. *Barker*, 407 U.S. at 530.

Applying the first of the four *Barker* factors, we do not find the length of delay facially unreasonable. In his findings of fact, the military judge noted that the case involved 66 criminal acts involving 21 named victims, 5 corporations, and several banking institutions. We agree with the military judge that this was a complex case requiring many steps to get to trial, and that the Government "treated the case with urgency." Having found the length of delay reasonable, we need not inquire into the remaining *Barker* factors. *See Schuber*, 70 M.J. at 189. Nevertheless, analysis of the remaining factors confirms that the appellant was not denied her right to a speedy trial under Article 10, UCMJ.

First, unlike the relatively straightforward urinalysis case at issue in *Schuber*, where the Court found 71 days from pretrial confinement to trial not facially unreasonable, this is a complex theft and financial crimes case with multiple victims and items of physical and documentary evidence that required examination. *See* 70 M.J. at 188. Second, the appellant's demand for speedy trial the day before her counsel went on convalescent leave does not favor the appellant when those demands are viewed in the context of trial defense counsel's statements of unavailability. Third, we find that neither the length of delay nor the lawfully imposed pretrial confinement during that delay prejudiced the appellant to such an extent as to tip the balance toward finding a violation of Article 10, UCMJ. Having reviewed de novo whether the appellant was denied her right to a speedy trial under Article 10, UCMJ, we conclude that she was not. Nor do we find a violation of R.C.M. 707's requirement that an accused be brought to trial within 120 days of the imposition of restraint: the appellant was arraigned 122 days after imposition of pretrial confinement, but 24 days were properly excluded for speedy trial accountability by the convening authority's approval of a defense delay request. *See* R.C.M. 707(c).

*Appellate Review Time Standards*

The post-trial processing of the present case has been less than exemplary. The court-martial adjourned on 30 September 2009.[2] The convening authority took action 91 days later on 30 December 2009. The case was not docketed with the Court for an additional 89 days after action, on 29 March 2010. The appellant submitted her assignment of errors approximately one year after docketing, and in her first assigned

---

[2] The court-martial order (CMO) incorrectly lists the date the sentence was adjudged as 5 October 2009. The sentence was adjudged, and the court was adjourned, on 30 September 2009. While this clerical error is not prejudicial, we order a corrected CMO. *See* Air Force Instruction 51-201, *Administration of Military Justice*, ¶ 10.10 (6 June 2013).

error identified that certain appellate exhibits were added to the record after authentication. The Government filed a motion to return the record for a certificate of correction and new post-trial processing on 27 June 2011. On 5 July 2011, the appellant did not oppose the motion but did assert her due process right to speedy appellate review pursuant to *United States v. Moreno*, 63 M.J. 129, 142 (C.A.A.F. 2006). We granted the motion on 7 July 2011. A new action was completed on 7 February 2012. The revised completed record was docketed with this Court on 6 March 2012. On 31 October 2012, the appellant filed a supplemental assignment of error requesting relief due to the delay in the post-trial processing. The Government filed an answer to all the assigned errors on 30 November 2012.

At the time of the appellant's court-martial in 2009, she had served 14 months with the Air Force. By the time the Government had corrected its post-trial processing errors, completed a new action, and again docketed this record with our Court, 888 days had elapsed for the post-trial processing. The appellant enlisted in the Air Force in 2008 for a term of 6 years. We are mindful of the irony that of the 6 years the appellant was to serve in the Air Force, she spent only 14 months on active duty prior to her court-martial and the remaining nearly 5 years have been spent in post-trial activity: confinement, mandatory supervised release, or appellate leave.

We review de novo "[w]hether an appellant has been denied [her] due process right to a speedy post-trial review . . . and whether [any] constitutional error is harmless beyond a reasonable doubt." *United States v. Allison*, 63 M.J. 365, 370 (C.A.A.F. 2006). A presumption of unreasonable delay arises when appellate review is not completed and a decision is not rendered within 18 months of the case being docketed before this Court. *Moreno*, 63 M.J. at 142. The *Moreno* standards continue to apply as a case remains in the appellate process. *United States v. Mackie*, 72 M.J. 135, 135–36 (C.A.A.F. 2013). The *Moreno* standard is not violated when each period of time used for the resolution of legal issues between this Court and our superior court is within the 18-month standard. *Id*. at 136; *see also United States v. Roach*, 69 M.J. 17, 22 (C.A.A.F. 2010). However, when a case is not completed within 18 months, such a delay is presumptively unreasonable and triggers an analysis of the four factors elucidated in *Barker* and *Moreno*. *See United States v. Arriaga*, 70 M.J. 51, 55 (C.A.A.F. 2011). Those factors are "(1) the length of the delay; (2) the reasons for the delay; (3) whether the appellant made a demand for a speedy trial; and (4) prejudice to the appellant." *Mizgala*, 61 M.J. at 129; *see also Barker*, 407 U.S. at 530.

This case was not originally docketed with us until 89 days after action. The period from action to docketing is presumptively unreasonable when it exceeds 30 days. *Moreno*, 63 M.J. at 142. We rendered our initial decision on 14 May 2013. An overall delay of more than 540 days between the time of docketing and the initial review by this Court is facially unreasonable. *Id*. The Government asserts that the appellate clock should be viewed as reset once we granted the motion for a corrected record after

authentication. We need not decide that issue in this case. Even if the appellate clock was reset, we would still examine whether the convening authority's action on the authenticated record was timely. A presumption of unreasonableness applies when the convening authority does not take action within 120 days of the court-martial being completed. *Id.* The time between our order granting the motion for a corrected record and the convening authority's action exceeded 120 days. Therefore, there are at least two time periods that exceeded the 18-month threshold and are presumptively unreasonable.

As stated supra, our superior court recently decided one of the judges who participated in our original decision was not properly appointed. *See Janssen*, 73 M.J. at 222. Accordingly, we have considered the appellant's court-martial before a properly constituted panel and have issued this decision. The time between our superior court's action to return the record of trial to our Court for our action and this decision did not exceed 18 months; therefore, the *Moreno* presumption of unreasonable delay is not triggered. *See Mackie*, 72 M.J. at 136. Assuming the total appellate processing of this case raises a presumption of unreasonable delay, we again conclude the delay was harmless under the *Barker* analysis.

We analyze the *Barker* factors for the delay leading up to our first decision. The first factor weighs in favor of the appellant; as addressed supra, there are lengths of time that are presumptively unreasonable. *See Moreno*, 63 M.J. at 142.

The second factor also weighs in favor of the appellant. For the violation involving the time from action until docketing, there is scant evidence in the record to explain why the court-martial was not initially docketed with this Court until the benchmark time had been exceeded almost three times over. For the violation involving the time from our order for a corrected record until the convening authority's action, there is evidence in the record that the Government sent the corrected record of trial to the appellant by certified mail and delivery was attempted, but unsuccessful on 10 November 2011. The record should have been returned to the base legal office but was lost in the mail. The Government did not seek to rectify this issue until 3 January 2012, when it sent another copy of the documents to the appellant's trial defense counsel. We are mindful of our superior court's emphasis that the established benchmarks do not create a free period, and "personnel and administrative issues . . . are not legitimate reasons justifying otherwise unreasonable post-trial delay." *Arriaga*, 70 M.J. at 57. Therefore, we conclude this second factor weighs in favor of the appellant.

The third factor additionally weighs in favor of the appellant as she asserted her due process right to timely appellate review on 5 July 2011 and in subsequent pleadings. Furthermore, the Government carries the burden of primary responsibility for speedy post-trial processing. *United States v. Bodkins*, 60 M.J. 322, 323–24 (C.A.A.F. 2004).

However, on the fourth factor, the appellant fails to demonstrate any prejudice in this case. The appellant was released from confinement in August 2010 and placed in mandatory supervised release. This was prior to her first request for an enlargement of time. The appellant completed her mandatory supervised release in May 2011 and since that time has been in an appellate leave status. "An appellant must demonstrate a 'particularized anxiety or concern that is distinguishable from the normal anxiety experienced by prisoners awaiting an appellate decision.'" *Arriaga*, 70 M.J. at 58 (quoting *Moreno*, 63 M.J. at 140). Here, the appellant has not done so.

When there is no showing of prejudice under the fourth factor, "we will find a due process violation only when, in balancing the other three factors, the delay is so egregious that tolerating it would adversely affect the public's perception of the fairness and integrity of the military justice system." *United States v. Toohey*, 63 M.J. 353, 362 (C.A.A.F. 2006).

Having considered the totality of the circumstances and the entire record, when we balance the other three factors, we find the post-trial delay in this case not to be so egregious as to adversely affect the public's perception of the fairness and integrity of the military justice system. We are convinced the error is harmless beyond a reasonable doubt.

While we find the post-trial delay was harmless, that does not end our analysis. Article 66(c), UCMJ, empowers appellate courts to grant sentence relief for excessive post-trial delay without the showing of actual prejudice required by Article 59(a), UCMJ, 10 U.S.C. § 859(a). *United States v. Tardif*, 57 M.J. 219, 224 (C.A.A.F. 2002); *see also United States v. Harvey*, 64 M.J. 13, 24 (C.A.A.F. 2006). In *United States v. Brown*, 62 M.J. 602, 606–07 (N.M. Ct. Crim. App. 2005), our Navy and Marine Court colleagues identified a "non-exhaustive" list of factors to consider in evaluating whether Article 66(c), UCMJ, relief should be granted for post-trial delay. Among the non-prejudicial factors are the length and reasons for the delay; the length and complexity of the record; the offenses involved; and the evidence of bad faith or gross negligence in the post-trial process. *Id.* at 607. We find there was no bad faith or gross negligence in the post-trial processing in any stage of the appellate review of this matter. The reason for the delay between our original decision and our opinion today was to allow this Court and our superior court to fully consider a constitutional issue of first impression: whether the Secretary of Defense has the authority under the Appointments Clause[3] to appoint civilian employees to the service courts of criminal appeals. However, the overall length of delay in this case is troublesome. The initial delay was due to errors in the assembly of the record of trial. We also find that there are periods of time where the record does not document what, if any, actions the Government was taking to ensure that the well-established minimum thresholds of *Moreno* were being met. We have the authority

---

[3] U.S. CONST. art II § 2, cl 2.

to tailor an appropriate remedy without giving the appellant a windfall. *See Tardif*, 57 M.J. at 225. Upon review of the totality of the circumstances, to include that the appellant victimized many fellow Airmen in her larcenies, we grant relief that has some meaning and is appropriately tailored. We therefore approve a sentence of a bad-conduct discharge, confinement for 24 months, forfeiture of all pay and allowances, and reduction to E-2.

## *Conclusion*

The findings and the sentence are correct in law and fact and no error materially prejudicial to the substantial rights of the appellant occurred. Articles 59(a) and 66(c), UCMJ. However, we affirm only so much of the sentence as includes a bad-conduct discharge, confinement for 24 months, forfeiture of all pay and allowances, and reduction to E-2. Accordingly, the approved findings and the sentence, as modified, are **AFFIRMED**.

FOR THE COURT

STEVEN LUCAS
Clerk of the Court

ACM 37627 (recon)