**UNITED STATES AIR FORCE COURT OF CRIMINAL APPEALS**

**UNITED STATES**

**v.**

**Senior Airman JAMES E. BURKE III**
**United States Air Force**

**ACM S32137**

**03 November 2014**

Sentence adjudged 16 March 2013 by SPCM convened at Moody Air Force Base, Georgia. Military Judge: Grant L. Kratz and Michael J. Coco.

Approved Sentence: Bad-conduct discharge, confinement for 4 months, reduction to E-1, and a reprimand.

Appellate Counsel for the Appellant: Lieutenant Colonel Jane E. Boomer; Major Anthony D. Ortiz; Captain Isaac C. Kennen; and Captain Lauren L. Shure.

Appellate Counsel for the United States: Lieutenant Colonel C. Taylor Smith; Major Roberto Ramírez; and Gerald R. Bruce, Esquire.

Before

MITCHELL, WEBER, and CONTOVEROS
Appellate Military Judges

OPINION OF THE COURT

This opinion is subject to editorial correction before final release.

MITCHELL, Senior Judge:

At a special court-martial composed of military officers, a military judge convicted the appellant, pursuant to his pleas, of two specifications of assault consummated by a battery against his spouse, Ms. AB, and one specification of disorderly conduct, in violation of Articles 128 and 134, UCMJ, 10 U.S.C. §§ 928, 934. The panel of officers convicted the appellant, contrary to his pleas, of two specifications of communicating a threat, in violation of Article 134, UCMJ. The adjudged and

approved sentence was a bad-conduct discharge, confinement for 4 months, reduction to E-1, and a reprimand.

The appellant alleges that the military judge erred in denying a motion to compel a witness for the defense, and further, that the conditions of his confinement while he was held for military authorities in Cook County, Georgia, violated Article 13, UCMJ, 10 U.S.C. § 813. Although not raised by the appellant, we address two other issues: (1) inaudible media for appellate review; and (2) errors in the action and the addendum to the staff judge advocate's recommendation (SJAR). We conclude the appellant is entitled to relief solely on the last issue.

*Background*

The appellant providently pled guilty to assaulting his wife, Ms. AB, by pulling and pushing her on divers occasions in early November 2012. He also providently pled guilty to being disorderly in the reception area of the local hospital's emergency room. He committed this offense when he was not allowed to see his wife who was being treated for one of his assaults on her.

The appellant was also convicted, contrary to his pleas, of communicating a threat to Staff Sergeant (SSgt) RH and Senior Airman (SrA) DJ,[1] namely, that he was going to put a bullet in his wife's head and that SrA DJ could also "catch a bullet." These statements were made on the evening of 9 November 2012, after the appellant, his wife, SSgt RH, SrA DJ, and others went to a dance club near Moody Air Force Base, Georgia. While there, the appellant argued with his wife, assaulted her, and made the threats against her and SrA DJ.

*Motion to Compel Production of Witness*

The appellant moved to compel the production of Senior Master Sergeant (SMSgt) DH as a witness. SMSgt DH testified telephonically during the motion hearing. SMSgt DH was the First Sergeant for the appellant in November 2012. SMSgt DH was called early in the morning of 10 November 2012 by local law enforcement and told only that the appellant was drunk and needed assistance. SMSgt DH did not recall speaking to SSgt RH, nor did he remember receiving a phone call from SrA DJ that night. Moreover, he did not recall anyone that night telling him that the appellant had assaulted and threatened his wife. SMSgt DH explained the actions he would have taken if he knew then that there was an allegation of domestic violence and that he did not take any of those actions that night.

---

[1] By the time of the court-martial, Senior Airman DJ had been promoted to Staff Sergeant.

Trial defense counsel moved for the production of SMSgt DH, arguing that his lack of action and that he did not remember was evidence that neither SSgt RH nor SrA DJ told him about the threats, contrary to how these witnesses were expected to testify. The military judge denied the motion, finding the testimony was neither relevant nor necessary.

At trial, SSgt RH testified that although he saw SMSgt DH at the appellant's house after the assault and the threats, he did not tell him about the threats or that the appellant should not be at home with his wife. SrA DJ testified that he told SMSgt DH "everything," to include the threats. SrA DJ reported that SMSgt DH told him he would look into it but did not remove the appellant from his home and did not have SrA DJ report the incident to Security Forces. Telephone records indicated that SrA DJ spoke to SMSgt DH for 4 minutes at 0500 on 10 October 2014.

We review a military judge's ruling denying a motion to compel production of a witness for an abuse of discretion. *United States v. McElhaney*, 54 M.J. 120, 126 (C.A.A.F. 2000). An appellate court will not set aside a military judge's denial of such a motion unless it has a "definite and firm conviction" that the military judge committed "a clear error of judgment." *Id.* (quoting *United States v. Houser*, 36 M.J. 392, 397 (C.M.A. 1993)). Rule for Courts-Martial (R.C.M.) 703(b) provides: "Each party is entitled to the production of any witness whose testimony . . . on the merits or on an interlocutory question would be relevant and necessary." In determining whether to compel personal production of a witness, the military judge should consider factors such as

> the issues involved in the case and the importance of the requested witness to those issues; whether the witness is desired on the merits or the sentencing portion of the case; whether the witness's testimony would be merely cumulative; and the availability of alternatives to the personal appearance of the witness, such as depositions, interrogatories, or previous testimony.

*McElhaney*, 54 M.J. at 127 (citing *United States v. Tangpuz*, 5 M.J. 426, 429 (C.M.A. 1978); *United States v. Ruth*, 46 M.J. 1, 4 (C.A.A.F. 1997)).

We find no abuse of discretion in the military judge's denial of the defense motion to compel the production of SMSgt DH. At trial, SSgt RH admitted that he did not tell SMSgt DH about the assault or the threats, thus rendering SMSgt DH's testimony cumulative on this issue. SrA DJ testified that he told SMSgt DH about "everything" and the phone records support that there was a 4 minute phone call between these two individuals that morning. However, SMSgt DH testified that he did not remember the phone call. The military judge determined that SMSgt DH's failure to recall did not

make his testimony relevant or necessary. We conclude that the military judge did not abuse his discretion in making this ruling.

*Article 13*

Article 13, UCMJ, prohibits pretrial punishment:

> No person, while being held for trial, may be subjected to punishment or penalty other than arrest or confinement upon the charges pending against him, nor shall the arrest or confinement imposed upon him be any more rigorous than the circumstances require to insure his presence, but he may be subjected to minor punishment during that period for infractions of discipline.

This article prohibits two types of activities: (1) the imposition of punishment or penalty before trial and (2) conditions of confinement that are more rigorous than necessary to ensure the accused's presence at trial. *United States v. McCarthy*, 47 M.J. 162, 165 (C.A.A.F. 1997).

We defer to a military judge's findings of fact unless they are clearly erroneous. *United States v. Mosby*, 56 M.J. 309, 310 (C.A.A.F. 2002). We review de novo the legal question as to whether an the appellant is entitled to additional confinement credit under Article 13, UCMJ, and R.C.M. 305(k). *United States v. Williams*, 68 M.J. 252, 256 (C.A.A.F. 2010). The burden is the appellant's to establish that he is entitled to Article 13, UCMJ, credit. *Mosby*, 56 M.J. at 310. Our superior court has previously held that commingling pretrial detainees with post-trial inmates without more does not constitute a per se violation of Article 13. *United States v. Palmiter*, 20 M.J. 90, 96 (C.M.A. 1985). However, service regulations may provide greater protections and can serve as a basis to grant additional pretrial confinement credit under R.C.M. 305(k). *United States v. Adcock*, 65 M.J. 18, 25 (C.A.A.F. 2007).

At trial, the appellant contended that while he was in pretrial confinement at Cook County jail he was housed with post-trial detainees. We defer to the military judge's findings of fact as they were not clearly erroneous. The appellant was held in pretrial confinement at Cook County jail pursuant to a military order from 13 January 2013 to 7 March 2013. During that time he was housed in Dorm B-300, which also housed up to seven people being held for probation violations. The two-story facility had four cells and housed up to four inmates per cell, with a shower on each floor, a common dayroom with a television, and picnic-type tables for meals. The military judge specifically found there was no evidence the appellant ever shared a cell, ate, showered, or watched television with the post-trial confinees. The military judge then denied the motion for

credit for illegal pretrial confinement.[2]   We concur with this ruling and deny the appellant's request for additional relief on this issue.

*Inaudible Media for Appellate Review*

At trial, trial counsel admitted without objection a voicemail message on SrA DJ's cellphone.  The message was played in open court; however, at least one member of the panel was not able to hear the message.  The record contains a transcript of the message indicating five segments of the message were inaudible.  The phone was provided to the members so they could listen to the message during deliberations.  The military judge provided the members with explicit written instructions that explained how to access and play the voicemail message and that they were not allowed to view any other information on the cellphone.  A photo of the damaged cellphone and a compact disc (CD) that was supposed to contain the voicemail message were included in the record.

Prosecution Exhibit 6 as contained on the CD is barely audible.  The background noise is louder than the recording, and it sounds as if the recording continues after the message to include whispered commentary by counsel or whoever made the recording.  This extraneous portion is likewise barely audible.  Article 54, UCMJ, 10 U.S.C. § 854, requires a complete record of trial be prepared for this case.  A record of trial that is missing exhibits may be substantially incomplete.  *See United States v. Stoffer*, 53 M.J. 26, 27 (C.A.A.F. 2000) (holding that the record was substantially incomplete for sentencing when all three of defense sentencing exhibits were missing).  However, "insubstantial" omissions from a record of trial do not render the record incomplete. *See United States v. Henry*, 53 M.J. 108, 111 (C.A.A.F. 2000) (holding that four missing prosecution exhibits were insubstantial omissions when other exhibits of similar sexually explicit material were included).  "Insubstantial omissions from a record of trial do not raise a presumption of prejudice or affect that record's characterization as a complete one." *Id.*  The issue of whether a transcript is complete and substantially verbatim is an issue of jurisdictional proportion that cannot be waived and is a question of law we review de novo. *Id.* at 110.

We find that the record of trial is complete and substantially verbatim despite the omission of an audible copy of Prosecution Exhibit 6 for appellate review.  The record contains a transcript of the audible portion of the voicemail message.  Both the appellant and his trial defense counsel received a copy of the record of trial and neither raised any objection to the accuracy of the transcript of the voicemail message. Nor has the appellant raised this as an issue on appeal.  We conclude that the transcript of the message is sufficient for us to complete our obligations for review.  However, we exhort trial counsel and staff judge advocates to ensure that electronic evidence included in the

---

[2] The appellant was awarded 63 days credit for time in pretrial confinement.  *See United States v. Allen*, 17 M.J. 126 (C.M.A. 1984).

record of trial is accurate, accessible, and audible. Failure to prepare a verbatim transcript will result in the convening authority being limited to the remedial measures in R.C.M. 1103(f). *See United States v. Davenport*, 73 M.J. 373 (C.A.A.F. 2014).

*Error in Staff Judge Advocate's Recommendation on Mandatory Forfeitures*

On 2 May 2013, the appellant asked the convening authority to retroactively waive mandatory forfeitures for the benefit of the appellant's wife and their minor daughter. On 3 May 2013, the acting SJA in the addendum recommended approving a waiver of the mandatory forfeitures. The SJA correctly explained that mandatory forfeitures had begun 14 days after the sentence was announced on 16 March 2013 and had ceased when the appellant was released from confinement on 28 April 2013.[3] The SJA advised the convening authority to sign the draft action in order to effectuate the waiver. The convening authority signed the action that same day approving the adjudged sentence. Regarding the waiver, the action reads as follows:

> Pursuant to Article 58b, Section (b), Uniform Code of Military Justice, all of the mandatory forfeitures are waived for a period of four (4) months or release from confinement, whichever is sooner, with the waiver commencing on the date of this action. . . . The term of confinement having been served, no place of confinement is designated.

The appellant has not raised this issue on appeal. Therefore, we will apply the same test as if the error was in the initial SJAR and the appellant did not challenge it:

> If defense counsel does not make a timely comment on an error or omission in the SJA's recommendation, the error is [forfeited][4] unless it is prejudicial under a plain error analysis. Because the appellant did not object to the recommendation of the SJA, we must determine whether there was error,

---

[3] The appellant received credit for time spent in pretrial confinement, and his adjudged sentence to confinement was deferred from 16 March to 22 March 2013.

[4] The original term used was "waiver." Rule for Courts-Martial 1106(f)(6) and *United States v. Capers*, 62 M.J. 268, 269–70 (C.A.A.F. 2005) both indicate that *waiver* occurs when counsel fails to comment on matters in the staff judge advocate's recommendation. However, our superior court's decision in *United States v. Gladue*, 67 M.J. 311, 313 (C.A.A.F. 2009) recognizes that military courts had failed to "consistently distinguish between the terms 'waiver' and 'forfeiture.'" *Gladue* held that waiver is the "intentional relinquishment or abandonment of a known right," which precludes appellate review of an issue, while forfeiture is "the failure to make the timely assertion of a right" leading to plain error review on appeal (quoting *United States v. Olano*, 507 U.S. 725, 733 (1993)) (internal quotation marks omitted). Following *Gladue*, the term "forfeiture" should generally characterize the effect of a failure to timely comment on matters in the staff judge advocate's recommendation. *See United States v. Parker*, __ M.J. __ ACM 38384 (A.F. Ct. Crim. App. 15 October 2014) (stating that the appellant forfeited, rather than waived, a claim that erroneous information was attached to the staff judge advocate's recommendation).

whether it was plain, and whether it materially prejudiced a substantial right of the accused. With respect to an error in an SJA's post-trial recommendation, the prejudice prong involves a relatively low threshold—a demonstration of some colorable showing of possible prejudice. Our review is de novo.

*United States v. Capers*, 62 M.J. 268, 269–70 (C.A.A.F. 2005) (citations and internal quotation marks omitted); *see also* Rule for Courts-Martial 1106(f)(6).

We find the SJA's draft action for the convening authority regarding waiver of mandatory forfeitures is plain error that was materially prejudicial to a substantial right of the appellant. The action of the convening authority waived mandatory forfeitures beginning on 3 May 2013 and terminated the waiver when the appellant was released from confinement. The action also acknowledged that the appellant had completed his term of confinement. Therefore, the action illogically ordered the waiver to begin on a day after it had already ended, thereby creating a legal nullity. However, it is clear from the appellant's request and the SJA's recommendation that this was not the intent of the convening authority. We do not hold that the appellant has a right to the waiver of mandatory forfeitures, but he has a right to have the convening authority make the decision based on accurate legal advice and for the action to accurately reflect the advice given.[5]

"When the action of a convening authority is incomplete, ambiguous, or contains clerical error, [this court] may instruct the convening authority who took the action to withdraw the original action and substitute a corrected action, and the convening authority shall modify the action accordingly." *United States v. Mendoza*, 67 M.J. 53, 54 (C.A.A.F. 2008) (quoting R.C.M. 1107(g)) (brackets, citation, and internal quotation marks omitted). We order correction of the clerical error regarding the effective dates of the waiver to accurately reflect that the waiver of automatic forfeitures began retroactively 14 days after the sentence was adjudged.

*Conclusion*

The approved findings are correct in law and fact, and no error in the findings prejudicial to the substantial rights of the appellant occurred. Therefore, on the basis of the entire record, the findings are affirmed. Articles 59(a) and 66(c), UCMJ, 10 U.S.C. §§ 859(a), 866(c).

---

[5] Air Force Instruction 51-201, *Administration of Military Justice*, ¶ 9.28 (6 June 2013), provides a detailed and practical explanation of both deferral and waiver of mandatory forfeitures.

The record of trial is returned to The Judge Advocate General for remand to the convening authority for withdrawal of the original action and substitution of a corrected action. Article 66(e), UCMJ, 10 U.S.C. § 866(e); R.C.M. 1107(g). Thereafter, Article 66(b), UCMJ, 10 U.S.C. § 866(b), will apply.

FOR THE COURT

STEVEN LUCAS
Clerk of the Court