# UNITED STATES AIR FORCE
# COURT OF CRIMINAL APPEALS

————————————

**No. ACM 39191**

————————————

**UNITED STATES**
*Appellee*

**v.**

**Jeffary M. CARTWRIGHT**
Airman Basic (E-1), U.S. Air Force, *Appellant*

————————————

Appeal from the United States Air Force Trial Judiciary

Decided 25 April 2018

————————————

*Military Judge:* Natalie D. Richardson.

*Approved sentence:* Dishonorable discharge, confinement for 4 years, forfeiture of all pay and allowances, and a reprimand. Sentence adjudged 14 September 2016 by GCM convened at Beale Air Force Base, California.

*For Appellant:* Major Allen S. Abrams, USAF; Major Isaac C. Kennen, USAF.

*For Appellee:* Colonel Julie L. Pitvorec, USAF; Lieutenant Colonel Joseph J. Kubler, USAF; Lieutenant Colonel G. Matt Osborn, USAF; Major Meredith L. Steer, USAF; Captain Anne M. Delmare, USAF; Mary Ellen Payne, Esquire.

Before HARDING, SPERANZA, and HUYGEN, *Appellate Military Judges.*

Senior Judge HARDING delivered the opinion of the court, in which Judges SPERANZA and HUYGEN joined.

————————————

**This is an unpublished opinion and, as such, does not serve as precedent under AFCCA Rule of Practice and Procedure 18.4.**

————————————

HARDING, Senior Judge:

A general court-martial composed of a military judge sitting alone convicted Appellant, consistent with his pleas, of three specifications of sexual assault of a child and four specifications of sexual abuse of a child in violation of Article 120b, Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 920b.[1] The adjudged and approved sentence consisted of a dishonorable discharge, confinement for four years, forfeiture of all pay and allowances, and a reprimand.[2]

Appellant raises two assignments of error: (1) whether the court-martial lacked personal jurisdiction over Appellant and (2) whether requiring Appellant to report for duty in order to process his court-martial without paying him amounted to illegal pretrial punishment.[3] Finding no error materially prejudicial to a substantial right of Appellant, we affirm the findings and sentence.

## I. BACKGROUND

This was Appellant's second court-martial addressing sexual offenses with children. On 2 July 2014, Appellant's first general court-martial sentenced Appellant, then a Staff Sergeant, to a bad-conduct discharge, confinement for 24 months, forfeiture of all pay and allowances, and reduction to the grade of E-1.[4] After serving 12 months of confinement from his first court-martial, Appellant was placed on supervised release on 1 July 2015. The period of supervised release was set to end on 25 June 2016.

Prior to Appellant's supervised release, the Air Force Office of Special Investigations opened a new investigation on 9 June 2015 into allegations of child sexual assault and abuse committed by Appellant that later provided the basis of the charges and convictions for this case. The report of investigation for these offenses was completed on 1 October 2015.

On 9 February 2016, Appellant filed a motion with this court to withdraw his first court-martial from appellate review. The motion was granted on 17

---

[1] The court-martial order erroneously lists Article 120, UCMJ, 10 U.S.C. § 920, as the charge. We order promulgation of a new court-martial order listing Article 120b, UCMJ, as the charge.

[2] We note that the action, although it approved a reprimand, did not include reprimand language.

[3] Both issues are raised by Appellant pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982).

[4] Appellant was convicted, contrary to his pleas, of sexual abuse of a child and sexual assault of a child.

February 2016. Just two days later, on 19 February 2016, the original Charge and Specifications for this case were preferred against Appellant.[5] On 25 June 2016, Appellant completed the period of supervised release and his sentence to confinement from the first court-martial. Appellant's second court-martial convened and concluded on 14 September 2016.

## II. DISCUSSION

### A. Personal Jurisdiction

Appellant argues the Air Force lacked personal jurisdiction to try him at his second court-martial because of his status between his two courts-martial. We disagree.

We review questions of jurisdiction de novo. *United States v. Kuemmerle*, 67 M.J. 141, 143 (C.A.A.F. 2009) (citing *United States v. Harmon*, 63 M.J. 98, 101 (C.A.A.F. 2006)). We determine jurisdiction by looking at the status of the accused as a member of the armed forces. *Solorio v. United States*, 483 U.S. 435, 439 (1987) (citations omitted). Jurisdiction under the UCMJ exists for "[m]embers of a regular component of the armed forces." *United States v. Hart*, 66 M.J. 273, 275 (C.A.A.F. 2008) (alteration in original) (quoting 10 U.S.C. § 802(a)(1)). "A member of an armed force may not be discharged or released from active duty until his discharge certificate or certificate of release from active duty, respectively, and his final pay or a substantial part of that pay, are ready for delivery to him or his next of kin or legal representative." 10 U.S.C. § 1168(a); *see also Harmon*, 63 M.J. at 101. In addition, Article 2(a)(7), UCMJ, 10 U.S.C. § 802(a)(7), provides that "persons in custody of the armed forces serving a sentence imposed by a court-martial" are also subject to the UCMJ.

Without elaboration, Appellant argues his status during the time between his two courts-martial supports his position that the Air Force lacked jurisdiction to try him at his second court-martial. It is not clear if Appellant is intimating that: (1) we should consider him discharged or released from active duty at the instant his first case was withdrawn from appellate review; (2) while on supervised release he was not subject to the UCMJ; or (3) once he completed his sentence to confinement he was no longer subject to the UCMJ. Regardless of which particular position Appellant suggests, we are not persuaded.

We note at the outset that Appellant, in his own declaration submitted to this court, stated he did not receive a discharge certificate or final accounting

---

[5] An Additional Charge was preferred on 10 March 2016.

of pay. In addition, Appellant entered into a written stipulation of fact that was admitted into evidence at his second court-martial and directly addressed his military status between his two courts-martial.

> [Appellant] is and has been, at all times relevant to these proceedings, on active duty in the United States Air Force, and assigned to the 9th Maintenance Squadron, Beale Air Force Base, California. [Appellant] enlisted in the United States Air Force on 15 August 2006 and has been on continuous active duty to the present day. *During the time of the offenses and at all times relevant to this court-martial, [Appellant] was subject to the Uniform Code of Military Justice.*

(Emphasis added).

The stipulation of fact, standing alone, provides a basis to conclude the Air Force had personal jurisdiction to try Appellant because he was on continuous active duty and subject to the UCMJ. Assuming *arguendo* there was no stipulation as to facts that would establish personal jurisdiction over Appellant at his second court-martial, a straightforward application of the law to other facts demonstrated by the record yields the same conclusion. As Appellant states in his declaration, he never received a discharge certificate or a final pay and accounting. This is because Appellant was never discharged or released from active duty.

For the majority of the time between his two courts-martial, Appellant was either serving time in confinement or on supervised release. Appellant began serving confinement on 2 July 2014 and remained there until he began supervised release on 1 July 2015. On the date of preferral of the second court-martial's Charge and its Specifications, 19 February 2016, Appellant was still under supervised release. The withdrawal of his first court-martial from appellate review two days prior did not somehow, by operation of law, automatically effect Appellant's release from active duty. Instead, Appellant's status as of 19 February 2016, during his period of supervised release, qualified him as a "person[ ] in custody of the armed forces serving a sentence imposed by a court-martial" pursuant to Article 2(a)(7), UCMJ. Further, court-martial jurisdiction attaches over a person when action with a view toward trial of that person is taken, including the preferral of charges. Rule for Courts-Martial 202(c)(1). Charges were preferred against Appellant on 19 February 2016. "Once court-martial jurisdiction over a person attaches, such jurisdiction shall continue for all purposes of trial, sentence, and punishment, notwithstanding the expiration of that person's term of service or other period in which that person was subject to the code or trial by court-martial." *Id.*

We conclude that on 19 February 2016, the date of preferral, and throughout the processing of his second court-martial, Appellant was and has been subject to the UCMJ and thus the Air Force had personal jurisdiction to try Appellant.

**B. Illegal Pretrial Punishment**

Appellant next argues that the requirement for him to "perform duties related to his court-martial without pay constituted unauthorized and therefore unlawful punishment." We disagree.

In his declaration, Appellant provides the following to support his claim of unlawful pretrial punishment:

> Leading up to my second court-martial, I was required to respond to a technical sergeant from Beale Air Force Base by text message and telephone. I was also required to report to Beale Air Force Base in uniform multiple times, both for the hearings and for receipt of paperwork related to my court-martial. I was not paid for any of the time I was ordered to perform these duties.

Appellant essentially claims the Government violated his Article 13, UCMJ, 10 U.S.C. § 813, right to be free from illegal pretrial punishment when he was not paid for duties related to his court-martial. Article 13 provides, "No person, while being held for trial, may be subjected to punishment or penalty other than arrest or confinement upon the charges pending against him . . . ." Article 13 prohibits two types of activities: (1) the intentional imposition of punishment on an accused prior to trial, i.e., illegal pretrial punishment, and (2) arrest or pretrial confinement conditions that are more rigorous than necessary to ensure the accused's presence at trial, i.e., illegal pretrial confinement. *United States v. Inong*, 58 M.J. 460, 463 (C.A.A.F. 2003) (citing *United States v. Fricke*, 53 M.J. 149, 154 (C.A.A.F. 2000)).

Appellant's argument focuses on the illegal pretrial punishment prong of Article 13, UCMJ. A violation of this prong "entails a purpose or intent to punish an accused before guilt or innocence has been adjudicated." *United States v. McCarthy*, 47 M.J. 162, 165 (C.A.A.F. 1997). We apply this standard by examining the intent of detention officials or by examining whether the purposes served by the restriction or condition are "reasonably related to a legitimate governmental objective." *United States v. King,* 61 M.J. 225, 227 (C.A.A.F. 2005) (quoting *Bell v. Wolfish*, 441 U.S. 520, 539 (1979); *McCarthy*, 47 M.J. at 165, 167). The question of whether Appellant is entitled to sentence credit for an Article 13 violation is reviewed de novo. *United States v. Mosby,* 56 M.J. 309, 310 (C.A.A.F. 2002). Appellant bears the burden of proof to establish a violation of Article 13. *Id*.

Appellant's lack of pay during the period leading up to his court-martial was addressed during the sentencing phase of his court-martial when the military judge asked counsel whether the personal data on the charge sheet was correct. The charge sheet reflected pay of $1566.90. The trial counsel informed the military judge that Appellant was not receiving any pay, but that the amount correctly reflected the pay rate for Appellant's rank and time in service. Appellant's trial defense counsel objected, stating that it was not "appropriate to reflect pay that [Appellant] is not receiving or entitled to." The military judge then confirmed that Appellant was receiving zero pay. The military judge then asked whether Appellant had been punished in any way prior to trial that would constitute illegal pretrial punishment under Article 13, UCMJ. Appellant's trial defense counsel replied, "No, your honor." The military judge then asked Appellant whether he agreed that *he had not been punished* in any way prior to trial that would constitute illegal pretrial punishment. Appellant replied, "Yes, your honor."

Now on appeal, Appellant reverses his position and contends the lack of pay constituted illegal pretrial punishment. Appellant, however, has failed to present any evidence that any member of his command or other military official withheld or denied his pay in order to punish him prior to his trial.[6] Appellant has failed to meet his burden of proof to establish a violation of Article 13, UCMJ.

### III. CONCLUSION

The findings of guilt and the sentence are correct in law and fact and no error materially prejudicial to the substantial rights of Appellant occurred. Articles 59(a) and 66(c), UCMJ, 10 U.S.C. §§ 859(a), 866(c).

---

[6] We note that until 25 June 2016, Appellant was under supervised release and still serving his sentence to confinement. As such, Article 58b, UCMJ, 10 U.S.C. § 858b, still applied and required mandatory forfeitures of Appellant's pay up to that date. The record, however, does not contain any information regarding Appellant's duty status from 26 June 2016 to 14 September 2016 relative to any pay he may have been due. Nonetheless, as we conclude that Appellant failed to prove any intent to punish, any remaining pay dispute Appellant may have with the Government is beyond our jurisdiction. *See United States v. Buford*, ___ M.J. ___, No. ACM 39087, 2017 CCA LEXIS 762 (A.F. Ct. Crim. App. 19 Dec. 2017).

Accordingly, the findings and sentence are **AFFIRMED**.

FOR THE COURT

CAROL K. JOYCE
Clerk of the Court