# UNITED STATES NAVY–MARINE CORPS COURT OF CRIMINAL APPEALS

———————————

**No. 201700342**

———————————

**UNITED STATES OF AMERICA**
Appellee

v.

**ISMAEL M. REYESESQUER**[1]
Lance Corporal (E-3), U.S. Marine Corps
Appellant

———————————

Appeal from the United States Navy-Marine Corps Trial Judiciary

Military Judge: Colonel Peter S. Rubin, USMC.
Convening Authority: Commanding General, 2d Marine Aircraft
Wing, II Marine Expeditionary Force, Cherry Point, NC.
Staff Judge Advocate's Recommendation: Lieutenant Colonel
Edward J. Danielson, USMC.
For Appellant: Commander R. D. Evans, Jr., JAGC, USN.
For Appellee: Lieutenant George R. Lewis, JAGC, USN; Captain
Brian L. Farrell, USMC.

———————————

Decided 29 May 2018

———————————

Before GLASER-ALLEN, HUTCHISON, and GERDING, *Appellate Military Judges*

---

[1] The appellant's surname on the charge sheet and throughout the record is spelled "Reyesesquer." The appellant also signs his name "Ismael Reyes" and was referred to by his counsel as "Lance Corporal Reyes" at trial. Record at 60, 61; Defense Exhibit (DE) A at 1; Appellate Exhibit (AE) III at 8; AE IV at 2; AE V at 3; Article 32 Waiver at 3; *cf*. Prosecution Exhibit (PE) 1 at 5 (signed "Ismael Reyes Esquer").

_____

**This opinion does not serve as binding precedent but may be cited as persuasive authority under NMCCA Rule of Practice and Procedure 18.2.**

_____

GLASER-ALLEN, Chief Judge:

A military judge sitting as a general court martial convicted the appellant, pursuant to his pleas, of attempted sexual assault of a child and sexual assault of a child, in violation of Articles 80 and 120b, Uniform Code of Military Justice (UCMJ), 10 U.S.C. §§ 880 and 920(b). The military judge sentenced the appellant to 58 months' confinement, reduction to pay grade E-1, forfeiture of all pay and allowances, and a dishonorable discharge. The convening authority (CA) approved the adjudged sentence and, pursuant to the pretrial agreement, suspended all confinement in excess of 30 months.

In his sole assignment of error, the appellant asserts the military judge applied an incorrect legal standard in denying the defense motion for illegal pretrial confinement credit under Article 13, UCMJ. After carefully considering the pleadings and the record of trial, we find no error materially prejudicial to the substantial rights of the appellant and affirm the findings and sentence. Arts. 59(a) and 66(c), UCMJ.

## I. BACKGROUND

The appellant was apprehended by Naval Criminal Investigative Service (NCIS) agents when he arrived at 14-year-old T's on base home to continue their sexual relationship. Following his arrest, the appellant's command placed him on pretrial restriction due to concerns about his mental well-being. The appellant was required to remain within the boundaries of Marine Corps Air Station Cherry Point and to muster twice on work days and four times on weekends or holidays.

After findings, the trial defense counsel (TDC) moved for 31 days of pretrial confinement credit based upon the appellant's 126 days of pretrial restriction.[2] The TDC argued that while there was no command intent to punish or pretrial restriction conditions tantamount to confinement, the duration of the restriction had a punitive effect and from an equity standpoint, should result in the requested Article 13, UCMJ, credit. The military judge denied the motion, finding the appellant demonstrated neither intent to punish nor unduly rigorous pretrial restriction conditions. However,

_____

[2] The TDC requested "one for four" credit for pretrial restriction from 5 April 2017 to 8 August 2017. Record at 36.

he did agree to consider the pretrial restriction as mitigation evidence when determining an appropriate sentence.

## II. DISCUSSION

The appellant asserts that the military judge erred by using an incorrect legal standard to deny his motion for Article 13, UCMJ, confinement credit. Specifically, he argues the military judge considered only the "intent to punish" factor and neglected the "more rigorous than necessary to ensure the accused's presence for trial" prong of the Article 13, UCMJ, analysis. We disagree.

Article 13, UCMJ, provides, "No person, while being held for trial, may be subjected to punishment or penalty other than arrest or confinement upon the charges pending against him . . . ." Article 13, UCMJ, prohibits two types of activities: (1) the intentional imposition of punishment on an accused prior to trial, i.e., illegal pretrial punishment, and (2) arrest or pretrial confinement conditions that are more rigorous than necessary to ensure the accused's presence at trial, i.e., illegal pretrial confinement. *United States v. Inong*, 58 M.J. 460, 463 (C.A.A.F. 2003) (citing *United States v. Fricke*, 53 M.J. 149, 154 (C.A.A.F. 2000).[3]

Whether an appellant is entitled to unlawful pretrial punishment credit presents a mixed question of law and fact. *United States v. McCarthy*, 47 M.J. 162, 165 (C.A.A.F. 1997). On findings of fact, we defer to the military judge, provided those findings are not clearly erroneous. *United States v. King*, 61 M.J. 225, 227 (C.A.A.F. 2005). We review the question of whether the appellant is entitled to sentence credit for an Article 13, UCMJ, violation *de novo*. *United States v. Mosby*, 56 M.J. 309, 310 (C.A.A.F. 2002). The appellant bears the burden of proof to establish a violation of Article 13, UCMJ. *Id. See also* RULE FOR COURTS-MARTIAL (R.C.M.) 905(c)(2), MANUAL FOR COURTS-MARTIAL, UNITED STATES (2016 ed.).

### A. Intent to punish

The question of intent to punish is "one significant factor in [the] judicial calculus" for determining whether there has been an Article 13, [UCMJ,] violation. *United States v. Huffman*, 40 M.J. 225, 227 (C.M.A. 1994) (citing *Bell v. Wolfish*, 441 U.S. 520 (1979)), *rev'd on other grounds*, *United States v. Inong*, 58 M.J. 460, 464 (C.A.A.F. 2003). The record must disclose intent to punish on the part of the government; punitive effect is not enough to

---

[3] *See also United States v. DeVault*, No. 39147, 2018 CCA LEXIS 120, unpublished op. (A.F. Ct. Crim. App. 6 Mar 2018); *United States v. Cartwright*, No. 39191, 2018 CCA LEXIS 206, unpublished op. (A.F. Ct. Crim App. 25 Apr 2018).

warrant relief. *Howell v. United States*, 75 M.J. 386, 394 (C.A.A.F. 2016). We apply this standard by examining the intent of detention officials or by examining whether the purposes served by the restriction or condition are "reasonably related to a legitimate governmental objective." *United States v. King,* 61 M.J. 225, 227 (C.A.A.F. 2005) (quoting *Bell*, 441 U.S. at 539; *McCarthy*, 47 M.J. at 165, 167).

Here the TDC conceded that there was no reason to believe that the appellant had been punished during his pretrial restriction and produced no evidence, direct or circumstantial, to suggest the command intended to punish the appellant.[4] Instead, he argued that it was "[t]he duration, despite the restriction paperwork stating it's non-punitive, it had a punitive effect."[5] The military judge disagreed, ruling: "I'm going to deny the credit for Article 13 illegal pretrial punishment. There is a requirement that defense must demonstrate there was an intent to punish."[6] We agree.

## B. Unduly rigorous conditions

The appellant further argues that he was "precluded" from presenting restriction conditions evidence because the military judge was focused solely on "intent."[7] Indeed, it is the appellant's burden to present evidence of "unduly rigorous conditions" that are not related to a legitimate government objective. R.C.M. 905(c)(2); *see also Mosby*, 56 M.J. at 310. Legitimate governmental interests include protection of the morale, welfare, and safety of the unit or the accused, protection of victims or witnesses, or to ensure the accused's presence at trial. *See United States v. Mack*, 65 M.J. 108, 109 (C.A.A.F. 2007).

When asked by the military judge, the TDC offered no evidence, save the restriction order, to rebut the government's assertion that the appellant's restriction was not unduly rigorous. During his discussion with TDC regarding the restriction conditions, the military judge stated, "[t]his is clearly an administrative restriction, a fairly–not as restrictive as I've seen

---

[4] The appellant relies on our sister court's decision in *United States v. Alston*, 75 M.J. 875, 885 (A. Ct. Crim. App. 2016) for the proposition that "direct evidence of intent is often unavailable" in his assertion that the military judge wanted only direct evidence. Appellant's Brief at 13. Here the TDC provided no evidence except the restriction order itself. Record 34-37.

[5] Record at 35.

[6] *Id.*

[7] Appellant's Brief of 22 Jan 2018 at 13.

other pretrial restriction. Mustering and in fairly generous confines of the air station."[8]

The appellant now contends his post-arrest actions, such as his cooperation with NCIS, "are not the acts of someone who is likely to engage in additional crimes while awaiting trial."[9] While the appellant's NCIS cooperation is mitigating sentencing evidence, it does not eliminate the command's responsibility to protect the victim, particularly given the proximity between the appellant and the victim's on base residences.[10]

Although the military judge's analysis was brief, we nevertheless find he properly considered the second Article 13, UCMJ, prohibition. Thus, we conclude the appellant's pretrial restriction was reasonably related to the legitimate governmental objectives of ensuring his safety and well-being, and protecting his victim and the local community from someone believed to be a sexual predator.[11]

Thus, we agree with the military judge that there was no Article 13, UCMJ, violation in this case. The appellant did not meet his burden of demonstrating intent to punish required for illegal pretrial punishment, or proving unduly rigorous conditions or lack of legitimate government objectives required for finding illegal pretrial restraint. The military judge's findings are not clearly erroneous and we agree with his conclusions of law. We are satisfied that the military judge applied the correct legal standards for both Article 13, UCMJ, prohibitions by properly considering the command's intent as well as the duration and conditions of the pretrial restraint.

Further, we are satisfied that the military judge properly considered the pretrial restriction when fashioning an appropriate sentence—fully

---

[8] Record at 37. The appellant was required to remain within the boundaries of Marine Corps Air Station Cherry Point and to muster twice on work days and four times on weekends or holidays. DE A at 1.

[9] Appellant's Brief at 13. Specifically, the appellant points to: his continual cooperation with NCIS, surrendering his cellular telephone, providing a DNA sample and two statements approximately a month apart, permitting a search of his residence, and "authorizing" the collection of personal linens and clothing worn after engaging in sexual relations with T. *Id.* at 12.

[10] The appellant stated that he lived "… a five minute walk" from T's home. Record at 24.

[11] The appellant's aunt testified that after his arrest, the appellant had a very difficult time emotionally, and he told her "that at one point he actually wanted to take his life because he didn't understand, you know, he's never been in trouble." *Id.* at 56.

considering the TDC's equity argument and eliminating any potential prejudice to the appellant. As he explained when announcing the appellant's sentence, "the court would [have] adjudged confinement of 60 months in the absence of any pretrial restriction, however, based on the duration of the pretrial restriction in this case[,] the court adjudge[s] 58 months of confinement."[12]

### III. CONCLUSION

The findings and sentence as approved by the CA are affirmed.

Senior Judge HUTCHISON and Judge GERDING concur.

For the Court

R.H. TROIDL
Clerk of Court



---

[12] *Id.* at 63.