UNITED STATES

v.

**Captain Stephen J. DODGE, United States Air Force.**

**ACM 34870 (f rev).**

U.S. Air Force Court of Criminal Appeals.

Sentence Adjudged 5 Dec. 2000.

Decided 26 Jan. 2005.

Appellate Counsel for Appellant: Colonel Beverly B. Knott, Colonel Carlos L. McDade, Major Terry L. McElyea, and Captain Jennifer K. Martwick.

Appellate Counsel for the United States: Colonel LeEllen Coacher, Lieutenant Colonel Lance B. Sigmon, Lieutenant Colonel Gary F. Spencer, Lieutenant Colonel Robert V. Combs, and Captain C. Taylor Smith.

Before PRATT, MALLOY, and GRANT, Appellate Military Judges.

## OPINION OF THE COURT UPON FURTHER REVIEW

MALLOY, Senior Judge:

This case is before the Court a second time. We previously affirmed the appellant's conviction by a general court-martial of one specification of absence without leave, terminated by apprehension, in violation of Article 86, UCMJ, 10 U.S.C. § 886; one specification of wrongful possession of marijuana, one

specification each of use and distribution of marijuana on divers occasions, and one specification of use of cocaine on divers occasions, all in violation of Article 112a, UCMJ, 10 U.S.C. § 912a; one specification of conduct unbecoming an officer by surreptitiously videotaping a juvenile male undressing, showering, and masturbating in the appellant's bathroom, in violation of Article 133, UCMJ, 10 U.S.C. § 933; one specification of inducing a minor to engage in sexually explicit conduct for the purpose of producing a visual depiction of such conduct, four specifications of taking indecent liberties with boys under the age of 16 years of age, one specification of committing an indecent act on a male under 16 years of age, one specification of dishonorably failing to maintain sufficient funds in his checking account to cover a check upon presentment, and one specification of possessing child pornography, all in violation of Article 134, UCMJ, 10 U.S.C. § 934.

A panel of officer members sentenced the appellant to a dismissal, confinement for 15 years, and forfeiture of all pay and allowances. The convening authority approved the sentence as adjudged. We found appropriate only so much of the sentence as provided for a dismissal, confinement for 12 years, and forfeiture of all pay and allowances. *United States v. Dodge*, 59 M.J. 821 (A.F.Ct.Crim.App.2004).

The United States Court of Appeals for the Armed Forces summarily affirmed the appellant's conviction of all offenses, except the offense of possessing child pornography.[1] The court remanded the case to The Judge Advocate General for submission to this Court for the purpose of either dismissing the affected specification and reassessing the sentence or ordering a rehearing. *United States v. Dodge*, 60 M.J. 368 (2004). Thereafter, the appellant requested, and we granted, expedited review of his case.

Neither the appellant nor the government has taken a position whether we should re-

mand the case for a rehearing or simply reassess the sentence. But the appellant has raised two collateral issues related to his confinement *pendente lite*. He claims he has suffered illegal pretrial punishment under Article 13, UCMJ, 10 U.S.C. § 813, since our superior court's decision because (1) the conditions of his present confinement are too severe and (2) he has not been restored to a pay status following that decision. We have jurisdiction to consider the appellant's claims. *See United States v. White*, 54 M.J. 469, 472 (C.A.A.F.2001) (statutory authority to review findings and sentence includes the authority to ensure that a sentence is executed in a manner consistent with the Uniform Code of Military Justice and the United States Constitution). As explained hereinafter, we conclude that the appellant has failed to establish that the conditions of his confinement are illegal.

### Sentence Reassessment

■ After carefully considering the options provided by our superior court, we conclude that dismissing the possession of child pornography specification and reassessing the appellant's sentence at this level best serves the interests of justice and judicial economy. In choosing this option, we recognize that it would be a relatively easy task for the government to retry the appellant for possession of child pornography as either conduct prejudicial to good order and discipline or as service discrediting conduct. *United States v. Mason*, 60 M.J. 15 (C.A.A.F. 2004). But we are also mindful that the appellant remains convicted of far more serious offenses and that several of the victims of those crimes were juveniles at the time of the offenses. Two of these victims, as well as the parent of another, testified at the appellant's sentencing hearing. Ordering a rehearing would likely result in the need for these victims to testify again at a new sentencing hearing. We do not see a need for them to relive this experience solely so that the government can retry the appellant for possessing images of child pornography.

---

1. The offense was charged as a violation of 18 U.S.C § 2252A under clause 3 of Article 134, UCMJ. The military judge used the definitions of child pornography found unconstitutional in *Ashcroft v. Free Speech Coalition*, 535 U.S. 234, 122 S.Ct. 1389, 152 L.Ed.2d 403 (2002), in advising the appellant of the elements of the offense during the guilty plea inquiry. *See Dodge*, 59 M.J. at 827.

While we do not suggest that this is not serious criminal conduct, we do believe that, in the context of this case, it is not of the same magnitude as the appellant's other criminal conduct.

There is, in our view, no need to order a rehearing on the single affected specification or the sentence. We are satisfied that the effect of the prejudicial error that occurred at trial can be easily purged by applying well-settled principles governing sentence reassessment by a court of criminal appeals. *United States v. Sills*, 58 M.J. 23 (C.A.A.F. 2002).

Sentence reassessment is not the same task that we previously performed when we reduced the appellant's confinement based on our authority under Article 66(c), UCMJ, 10 U.S.C. § 866(c). *United States v. Suzuki*, 20 M.J. 248 (C.M.A.1985). Our task then was to ensure that the appellant received a fair and just punishment based on our independent determination. *United States v. Baier*, 60 M.J. 382 (C.A.A.F.2005). Here, in contrast, our task is to purge the prejudicial error that occurred at trial as a result of the use of unconstitutional definitions of child pornography, and so we reassess the sentence that the members imposed and not the one we found appropriate. *United States v. Peoples*, 29 M.J. 426, 428 (C.M.A.1990) ("No higher sentence may be affirmed by the appellate court than would have been adjudged at trial absent the error."). We will review the reassessed sentence for appropriateness at the end of this decision and grant the appellant relief based on what we determine is an appropriate sentence.

■ We may reassess the appellant's sentence if we can reliably determine beyond a reasonable doubt that the sentence would have been of at least a certain magnitude without the error. *United States v. Doss*, 57 M.J. 182 (C.A.A.F.2002). In this case, we are satisfied beyond a reasonable doubt that, in the absence of the possession of child pornography specification, the members

would have adjudged a sentence of no less than a dismissal, confinement for 13 years, and forfeitures of all pay and allowances for the remaining 13 specifications of which the appellant was convicted.

## Alleged Article 13, UCMJ, Violation

### A. Background

At the time our superior court issued its decision setting aside the appellant's conviction of possession of child pornography and the sentence, the appellant was serving his sentence to confinement at the United States Disciplinary Barracks, Fort Leavenworth, Kansas. Upon learning of that decision, the Air Force commander at Fort Leavenworth ordered the appellant into pretrial confinement. Thereafter, the appellant was returned to his unit and placed in confinement at the Marine Corps Brig, Quantico, Virginia, where he had previously been held in extended pretrial confinement. A military magistrate conducted a pretrial confinement hearing and ordered that the appellant remain confined at the Quantico Brig.

Upon his arrival at Quantico, the appellant was placed in Special Quarters and classified as Maximum Custody/Awaiting Transfer and placed in the indoctrination program. "All new prisoners/detainees are classified either as Maximum or Medium–In upon initial confinement and go through the Brig's Indoctrination Program." [2] The appellant completed indoctrination and, approximately 15 days after his arrival, was reclassified from Maximum/Admin Segregation to Medium–In/Admin Segregation.[3] The appellant was thereafter assigned to jobs in the Brig's library and laundry. There is no evidence before the Court that the appellant has ever filed an internal administrative grievance concerning the conditions of his confinement at the Quantico Brig or pursued other avenues of redress. *See* Article 138, UCMJ, 10 U.S.C. § 938 (complaints of wrongs). We know from our initial review of the record of

---

**2.** This information is taken from an affidavit of the brig supervisor filed by the government. The appellant does not dispute this information. *See United States v. Ginn*, 47 M.J. 236 (C.A.A.F.1997).

**3.** The original record of trial contains substantial information concerning the operation of military confinement facilities, including the Quantico Brig Handbook, which outlines the rules and regulations for prisoners.

trial that the appellant is familiar with the Brig's internal rules and regulations and is not reticent in voicing a grievance with brig personnel concerning his confinement conditions.

The appellant argues that he has been subjected to illegal pretrial punishment at the Quantico Brig, in violation of Article 13, UCMJ, for two reasons. First, he claims that his placement in maximum custody was unnecessary in light of his 4–year history of good behavior at Fort Leavenworth, and thus resulted in conditions of confinement more rigorous than necessary to ensure his presence at trial. He bases this allegation on the declaration of his trial defense counsel who visited him at the Brig. The government has filed a responsive affidavit from the brig supervisor who disputes defense counsel's version of events. However, we need not resolve the matter to address the appellant's assertion of illegal pretrial punishment.

Second, the appellant claims that he has been subjected to illegal pretrial punishment because he was not returned to a pay status following our superior court's decision in his case. In his view, this alone evinces illegal punishment under Article 13, UCMJ, because he currently has no sentence and, therefore, should be in a pay status. The appellant bases this assertion solely on the declaration of his appellate defense counsel relating a phone conversation she had with an attorney in the legal office responsible for the appellant's case.

### B. Discussion

The appellant bears the burden of establishing that he has been subjected to illegal pretrial punishment under Article 13, UCMJ. *United States v. Mosby*, 56 M.J. 309, 310 (C.A.A.F.2002). The question of whether there has been a violation of Article 13 is a mixed question of fact and law. *Id.* In this case there are, of course, no findings of fact and conclusions of law for us to consider, since the matter has never been considered at the trial level. So we must determine as a threshold matter whether we can decide the matter without first ordering an evidentiary hearing. We believe that we can and will

review the matter de novo. *Mosby*, 56 M.J. at 310.

■ The mere filing of an affidavit raising an issue and a responsive affidavit thereto does not automatically trigger the need for a post-trial evidentiary hearing before resolving the legal issues raised in the affidavit. *United States v. Fagan*, 59 M.J. 238, 242 (C.A.A.F.2004). We are simply constrained from using our Article 66(c), UCMJ, factfinding authority to resolve disputed facts necessary to decide the legal issues raised by affidavit. *Id.* Here, the only potential disputed factual matter—the conflicting affidavits of the appellant's defense counsel and the brig supervisor—is not germane to deciding whether the appellant has established illegal punishment. There is no factual dispute concerning the appellant's confinement status at the Quantico Brig, and there is no dispute concerning whether he was placed in a pay status following our superior court's decision. We conclude that even if the facts asserted by the appellant concerning his confinement and pay status are true, he is not entitled to relief for either reason.

■ Article 13, UCMJ, prohibits two things: (1) the intentional imposition of punishment on an accused before his guilt has been established at trial, and (2) pretrial confinement conditions that are more rigorous than necessary to ensure his presence at trial. *United States v. Inong*, 58 M.J. 460 (C.A.A.F.2003). The government does not dispute the appellant's assertion that Article 13, UCMJ, applies to the situation at hand or that we should resolve the appellant's claims under that statutory provision. We do not necessarily agree with the correctness of this concession, but do not believe that it makes any difference to our conclusion that the appellant has not been illegally punished.

■ While it is certainly true that the appellant was entitled to a hearing under Rule for Courts–Martial 305 to determine his confinement status after our superior court's decision,[4] it does not follow that this entitlement transformed him into a person "being held for trial . . . upon the charges pending

4. *Moore v. Akins,* 30 M.J. 249 (C.M.A.1990).

against him" within the meaning of Article 13, UCMJ.

Under familiar rules of statutory construction, clear and unambiguous statutory language is to be accorded its ordinary meaning. *United States v. McGowan*, 41 M.J. 406, 413 n. 4 (C.A.A.F.1995). When the appellant was transferred from Leavenworth to the Quantico Brig, he was being held because he remained convicted of serious criminal offenses that had been affirmed by both this Court and our superior court. Moreover, it is not entirely correct to maintain, as the appellant does, that he had "no sentence" when he arrived at Quantico. While it is true that our superior court did set aside his sentence, it is also true that the court left to our discretion whether to order a rehearing or reassess the approved sentence under our factfinding powers. Article 66(c), UCMJ. We must view our superior court's decision in its entirety and can only conclude that the appellant not only remained convicted of the offenses that were affirmed, but also remained subject to an inchoate sentence pending our further review. If it were as the appellant suggests, there would be nothing for us to reassess and a rehearing would be the only option.

Additionally, we do not believe that it was necessary for the military magistrate or brig personnel to turn a blind eye to the appellant's true status and record in determining whether continued confinement was appropriate or for the determination of his prisoner classification. *United States v. McCarthy*, 47 M.J. 162 (C.A.A.F.1997). The appellant has failed to prove that his confinement conditions were too rigorous or that he was treated any differently than other new prisoners at Quantico. As noted earlier, the Quantico Brig's Handbook, outlining the rules and regulations for prisoners, is in the record of trial. Based on the brig supervisor's affidavit, we are satisfied that the appellant was processed into the Brig in accordance with these rules and regulations. All new prisoners are placed in the Special Quarters area and are required to complete the indoctrination process. A prisoner's security classification and work assignments are based on information obtained during indoctrination. The appellant does not allege that his treatment was inconsistent with these rules, but only that he should have been treated better in light of his record of good conduct in prison and his success on appeal. We disagree. The fact that the appellant was required to undergo the same indoctrination and classification process as other prisoners and was initially classified as a maximum custody prisoner does not compel the conclusion that he was subjected to illegal punishment. *Mosby*, 56 M.J. at 310.

■ We next briefly consider and reject the appellant's claim that the failure to restore him in a pay status resulted in illegal punishment. There are myriad reasons why finance officials could conclude the appellant is not entitled pay, including the not unreasonable belief that Article 75(a), UCMJ, 10 U.S.C. § 875(a), bars his restoration to a pay status until after this Court's decision. *Dock v. United States*, 46 F.3d 1083 (Fed.Cir. 1995);[5] *Combs v. United States*, 50 Fed.Cl. 592 (2001). *But see Keys v. Cole*, 31 M.J. 228 (C.M.A.1990). The affidavit of appellate defense counsel falls far short of demonstrating that the failure to restore the appellant to a pay status was based on an intent to subject him to illegal punishment. *See United States v. Shelton*, 53 M.J. 387, 391 (C.A.A.F.2000) (failure to file documentation to support claim resulted in no relief).

We do not decide whether the appellant has a back pay claim against the United States because the issue is not within our statutory jurisdiction. *United States v. Fischer*, 60 M.J. 650 (N.M.Ct.Crim.App. 2004). In the event the appellant believes that he has such a claim, he should pursue it in the court Congress has vested with jurisdiction over the matter, the United States Court of Federal Claims. *Shelton*, 53 M.J. at 392 (Sullivan, J., concurring in the result).

---

**5.** In *Dock*, the court noted: "When Congress enacted Article 75(a), it addressed a singular circumstance, that of a member of the military service whose conviction and sentence are set aside, and who is re-convicted and re-sentenced for the same offense. In that singular circumstance, Congress has decreed that the executed part of the first sentence that is included in the second sentence remains in effect." *Dock*, 46 F.3d at 1093.

We have also considered sua sponte whether the appellant has established that the conditions of his confinement at the Quantico Brig rise to the level of cruel and unusual punishment in violation of Article 55, UCMJ, 10 U.S.C. § 855. We conclude that the appellant has failed to prove that they do. *See White,* 54 M.J. at 473–75.

### Conclusion

We hold that the appellant has not been subjected to illegal punishment. Specification 1 of the Additional Charge is set aside and dismissed. The remaining findings of guilt and only so much of the sentence as provides for a dismissal, confinement for 11 years and 10 months, and forfeiture of all pay and allowances is approved. The findings as modified, and the sentence, as reassessed and modified, are correct in law and fact and no other error prejudicial to the substantial rights of the appellant occurred. Article 66(c), UCMJ; *United States v. Reed,* 54 M.J. 37, 41 (C.A.A.F.2000). Accordingly, the findings as, modified, and the sentence as reassessed and modified, are

AFFIRMED.