# UNITED STATES AIR FORCE COURT OF CRIMINAL APPEALS

## UNITED STATES

**v.**

## Technical Sergeant RONNIE WILSON
## United States Air Force

## ACM 37486 (reh)

## 3 June 2015

Sentence adjudged 10 June 2013 by GCM convened at Joint Base Anacostia-Bolling Air Force Base, Washington D.C. Military Judge: Mark L. Allred.

Approved Sentence: Dishonorable discharge, confinement for 33 months, and reduction to E-1.

Appellate Counsel for the Appellant: Major Christopher D. James.

Appellate Counsel for the United States: Lieutenant Colonel C. Taylor Smith; Major Rhea A. Lagano; Major Roberto Ramirez, and Gerald R. Bruce, Esquire.

Before

MITCHELL, HECKER, and TELLER
Appellate Military Judges

OPINION OF THE COURT

This opinion is issued as an unpublished opinion and, as such, does not serve as precedent under AFCCA Rule of Practice and Procedure 18.4.

MITCHELL, Chief Judge[1]:

In February 2009, a general court-martial composed of officer and enlisted members convicted the appellant, contrary to his pleas, of one specification of wrongful sexual contact with a child under the age of 16 years and two specifications of committing indecent acts on a child under the age of 16 years, in violation of Articles 120 and 134, UCMJ, 10 U.S.C. §§ 920, 934. The court-martial sentenced the appellant to a dishonorable discharge, confinement for 5 years, forfeiture of all pay and allowances, and reduction to E-1. Initially, the convening authority approved the dishonorable discharge, confinement for 4 years and 9 months, and reduction to E-1.

We initially affirmed the findings and sentence. *United States v. Wilson*, ACM 37486 (A.F. Ct. Crim. App. 15 December 2011) (unpub. op.), *rev'd in part*, 71 M.J. 355 (C.A.A.F. 2012) (mem.). Following *United States v. Humphries*, 71 M.J. 209 (C.A.A.F. 2012), our superior court, in a summary disposition, reversed the portion of our *Wilson* decision which affirmed the findings of guilty of the two indecent act specifications alleged as violations of Article 134, UCMJ; affirmed the remaining finding of guilty of wrongful sexual contact with a child in violation of Article 120, UCMJ; reversed the sentence; and remanded the case for further consideration. *Wilson*, 71 M.J. at 355. Upon remand, we set aside the sentence and directed that a rehearing on sentence for the remaining charge and specification be ordered. *United States v. Wilson*, ACM 37486 (f rev) (A.F. Ct. Crim. App. 5 February 2013) (unpub. op.).

The general court-martial convening authority ordered a rehearing, which was held on 10 June 2013. After considering all the evidence, the military judge sentenced the appellant to a dishonorable discharge, confinement for 36 months, forfeiture of all pay and allowances, and reduction to E-1. In accordance with a pretrial agreement, the convening authority approved a dishonorable discharge, 33 months of confinement, and a reduction to E-1.[2] On appeal from his rehearing, the appellant identified three issues: (1) he is entitled to new post-trial processing because the personal data sheet (PDS) attached to the staff judge advocate recommendation (SJAR) is incorrect; (2) he is entitled to relief because he was paid at the E-1 rate when he was ordered back to active duty, despite the setting aside of his original sentence; and (3) his approved sentence is inappropriately severe.[3] We determined the appellant was entitled to new post-trial processing when the SJAR erroneously attached the PDS from the 2009 court-martial

---

[1] In a memorandum dated 2 February 2015, Lieutenant General Christopher F. Burne, The Judge Advocate General of the Air Force, designated Senior Judge Martin T. Mitchell as the Chief Appellate Military Judge in cases where Chief Judge Mark L. Allred served as the military judge or recused himself under the governing standards of judicial conduct. In this case, Chief Judge Allred, while serving as a trial judge, presided over the appellant's court-martial. Therefore, Chief Judge Mitchell designated the special panel in this case.

[2] The convening authority also deferred the reduction in rank, adjudged forfeitures, and automatic forfeitures until action. At action, he waived automatic forfeitures while noting that the term of confinement had been served.

[3] This last issue was raised pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982), through a supplemental assignment of error.

which was materially different than the 2013 PDS used at the rehearing; we did not address the other issues at that time and remanded the case. *United States v. Wilson*, ACM 37486 (reh) (A.F. Ct. Crim. App. 27 August 2014) (unpub. op.).

A new SJAR was completed on 21 October 2014 and included a PDS that was updated as of the time of the SJAR. Again, in accordance with the pretrial agreement, the convening authority approved a dishonorable discharge, 33 months of confinement, and a reduction to E-1. In a clemency response on behalf of appellant, the defense counsel asked the convening authority to "please consider TSgt Wilson's prior two clemency packages, as well as his [trial] sentencing package." These documents were attached to the record of trial but were not separately provided to the convening authority. The appellant now raises that it was error for those documents not to be provided by the SJA to the convening authority.

*Matters Referenced but Not Attached to Clemency Request*

Proper completion of post-trial processing is a question of law, which we review de novo. *United States v. Kho*, 54 M.J. 63, 65 (C.A.A.F. 2000). Failure to timely comment on matters in the SJAR, to include matters attached to it, waives the issue unless there is plain error. R.C.M. 1106(f)(6); *United States v. Scalo,* 60 M.J. 435, 436 (C.A.A.F. 2005). Under a plain error analysis, the appellant bears the burden of showing: "(1) there was an error; (2) it was plain or obvious; and (3) the error materially prejudiced a substantial right" of the appellant. *Kho,* 54 M.J. at 65. Although the threshold for establishing prejudice in this context is low, the appellant must nonetheless make at least "a colorable showing of possible prejudice." *Scalo*, 60 at 437.

When reviewing post-trial errors, we recognize the convening authority is an appellant's "best hope for sentence relief." *United States v. Lee*, 50 M.J. 296, 297 (C.A.A.F. 1999) (quoting *United States v. Bono*, 26 M.J. 240, 243 n.3 (C.M.A. 1988)) (internal quotation marks omitted). The convening authority, not the courts of criminal appeals, is empowered to grant clemency for equitable reasons. *United States v. Nerad*, 69 M.J. 138, 145 (C.A.A.F. 2010). "Because of the highly discretionary nature of the convening authority's action on the sentence, we will grant relief if an appellant presents 'some colorable showing of possible prejudice.'" *Kho*, 54 M.J. at 65 (quoting *United States v. Wheelus*, 49 M.J. 283, 289 (C.A.A.F. 1998)); *see also United States v. Scalo*, 60 M.J. 435, 437 (C.A.A.F. 2005).

Rule for Courts-Martial (R.C.M.) 1107(b)(3)(A) requires the convening authority to consider matters submitted by the appellant under R.C.M. 1105 or 1106(f) before taking action. The convening authority is required to consider any written matters submitted by the accused that "may reasonably tend to affect the convening authority's decision," including clemency recommendations and matters in mitigation. R.C.M. 1105(b) and its Discussion. A convening authority is not required to list all the

matters he or she considered prior to taking action in a case. *United States v. Stephens*, 56 M.J. 391, 392 (C.A.A.F. 2002). In this case, the addendum listed all of the documents provided by the appellant and his counsel, along with the SJAR and its attachments. The convening authority signed that he considered all the "attached matters before taking action on this case." The list in the addendum did not include the appellant's prior clemency submissions nor the evidence he submitted at trial during pre-sentencing.

While there is a requirement that the convening authority consider all attached written matters submitted by the appellant, there is no requirement that convening authority separately consider matters referenced but not attached by the appellant. Likewise, there is no requirement that the staff judge advocate separately prepare and re-produce documents that the appellant references but chooses not to specifically attach. This does not foreclose the convening authority from reviewing the evidence in the record of trial; it simply means that the convening authority is not required to review the record. *United States v. Diaz*, 40 M.J. 335, 341–42 (C.M.A. 1994). An appellant who seeks to ensure the convening authority reviews certain written matters, even if they are otherwise contained in the record, is required to attach those matters to the clemency submission. We find no error.

*Reduction after Original Sentence Set Aside*

The appellant's original sentence in 2009 included a reduction to E-1. After that sentence was overturned in February 2013, the appellant was returned to active duty from excess appellate leave to await his sentence rehearing, which was ultimately held in June 2013. During this time frame, the appellant remained convicted but did not have an adjudged or an approved sentence.

At the sentence rehearing on 10 June 2013, the military judge specifically inquired if the appellant was subject to any illegal pretrial punishment, both the appellant and his counsel answered negatively. The appellant was then sentenced to a dishonorable discharge, confinement for 36 months, forfeiture of all pay and allowances, and reduction to the grade of E-1. The convening authority deferred the reduction in rank and both automatic and adjudged forfeitures from 25 June 2013 until he took action.

In his 2013 clemency submission to the convening authority, the appellant requested relief because he was paid as an E-1 when he was returned to active duty pending his rehearing. The SJA acknowledged the legal errors in the addendum but summarily dismissed them as without merit. The SJA recommended the convening authority approve the appellant's request for waiver of automatic forfeitures for the benefit of one of the appellant's sons. The action stated that the automatic forfeitures were waived for a period of six months, release from confinement or expiration of term of service, whichever was sooner. However, as the action also noted, the appellant's term

of confinement had already been served creating a legal nullity regarding the waiver of automatic forfeitures.[4]

After we ordered new post-trial processing in 2014, the appellant again raised in clemency the issue that he had been paid as an E-1 while pending the sentence rehearing. He complained that he continued to be paid as an E-1 even though the convening authority had deferred the reduction in rank from 25 June 2013 to 10 September 2013. The appellant raised as an error that his pay was not forwarded to his son pursuant to the waiver of the automatic forfeitures.[5] The addendum to the staff judge advocate's recommendation acknowledged these legal errors. The SJA indicated that his office had "engaged with Finance to ensure that the accused's pay is consistent with the corrected action" and that the appellant's pay would be adjusted to the correct rate for the time between when his sentence was overturned and the rehearing. The SJA also recommended that the convening authority not approve the adjudged forfeitures to "address the pay issues resulting from problems with the prior Action." The convening authority approved a sentence of a dishonorable discharge, 33 months confinement, and reduction to E-1. The 2015 action also mirrors the 2013 action regarding the deferment of the reduction, approved and adjudged forfeitures, and the waiver of automatic forfeitures.

The appellant raises on appeal that he is entitled to relief since he was improperly paid at the lower E-1 rate when he should have been paid as an E-6. Our superior court has previously awarded confinement credit when an E-6 appellant who was returned to duty for a sentence rehearing was forced to wear E-1 rank and have a military identification card with the lower rank. *United States v. Combs*, 47 M.J. 330 (C.A.A.F 1997). The court held "reduction in rank is a well-established punishment, which unlawfully imposed, warrants sentence relief" under Article 13, UCMJ, 10 U.S.C. § 810. *Id.* at 333. However, the court also focused on the punitive intent of command authorities toward that appellant and limited the award of additional credit to "the period of time which he was on active duty and suffered the ignominy and other harm from this unlawful demotion." *Id.* at 334.

The appellant bears the burden of establishing a violation of Article 13, UCMJ, for pretrial punishment. *United States v. Mosby*, 56 M.J. 309, 310 (C.A.A.F. 2002). Additionally, an appellant's failure to raise an Article 13, UCMJ, complaint at trial, forfeits the issue in the absence of plain error. *United States v. Inong*, 58 M.J. 460, 465 (C.A.A.F. 2003).

---

[4] The convening authority for the appellant's original court-martial and sentencing also waived automatic forfeitures. That waiver was directed to be equally divided to the mothers of the appellant's two dependent sons.

[5] We do not see this as error since the appellant was not in confinement and therefore there were no automatic forfeitures to be waived.

"Article 13 prohibits two things: (1) the intentional imposition of punishment on an accused before his or her guilt is established at trial, i.e., illegal pretrial punishment, and (2) arrest or pretrial confinement conditions that are more rigorous than necessary to ensure the accused's presence at trial, i.e., illegal pretrial confinement." *Inong*, 58 M.J. at 463. The appellant was in an unusual situation in that his guilt had been established at trial, yet the appellate review process resulted in an inchoate sentence. However, based on the rationale in *Combs*, Article 13, UCMJ, applies during the time while an appellant waits for a sentence rehearing. Having examined the evidence in the record, we do not find the appellant has met his burden of establishing plain error.

The appellant has not provided any evidence that the reduction to E-1 while he awaited his sentence rehearing was done with intent to punish. Whether there was intent to punish is a significant factor in determining if there was an Article 13, UCMJ, violation. *United States v. Mosby*, 56 M.J. 309 (C.A.A.F. 2002). A mere failure to restore pay status to an appellant awaiting a sentence rehearing is not per se a violation of Article 13, UCMJ. *See United v. Dodge*, 60 M.J. 873, 878 (A.F. Ct. Crim. App. 2005) (holding there were many reasons why finance officials might decide an appellant awaiting a sentence rehearing was not entitled to pay aside from an intent to punish). The appellant has not produced any evidence that he was forced to wear the rank of E-1. The evidence in the record of trial indicates that the appellant wore his E-6 rank during the proceedings; trial counsel, defense counsel, and the military judge all refer to him as either Sergeant or Technical Sergeant. The actions by the staff judge advocate in recommending that total forfeitures not be approved and the convening authority in following that advice is further evidence that the pay reduction was at most an administrative error and not an action that was done to untimely punish the appellant.

"Pretrial punishment includes public denunciation and degradation." *United States v. Stringer*, 55 M.J. 92, 94 (C.A.A.F. 2001). We find that *Combs* is best read with this axiom in mind. The appellant in that case was required to publicly wear the rank of E-1 for the purpose of public degradation. We have similarly reduced an approved sentence when military command authorities untimely imposed a visible reduction in rank with the intent to degrade. *United States v. Fields*, __ M.J. __, ACM 38692 (A.F. Ct. Crim. App. 14 May 2015). The appellant has not provided any evidence that he was subject to public denunciation or degradation.

The appellant did not raise this issue during his sentence rehearing. At that time, he agreed that he had not been subject to any pretrial punishment that violated Article 13, UCMJ. He forfeited this issue absent plain error. The appellant has not met his burden to establish plain error. We find there is no evidence in the record that he was forced to

wear the reduced rank or otherwise subject to public denunciation. We conclude the appellant is not entitled to any additional relief on this issue.[6]

## *Sentence Appropriateness*

This court "may affirm only . . . the sentence or such part or amount of the sentence, as it finds correct in law and fact and determines, on the basis of the entire record, should be approved." Article 66(c), UCMJ, 10 U.S.C. § 866(c). We review sentence appropriateness de novo, employing "a sweeping Congressional mandate to ensure 'a fair and just punishment for every accused.'" *United States v. Baier*, 60 M.J. 382, 384 (C.A.A.F. 2005) (quoting *United States v. Bauerbach*, 55 M.J. 501,504 (Army Ct. Crim App. 2001). "We assess sentence appropriateness by considering the particular appellant, the nature and seriousness of the offenses, the appellant's record of service, and all matters contained in the record of trial." *United States v. Bare*, 63 M.J. 707, 714 (A.F. Ct. Crim. App. 2006), *aff'd*, 65 M.J. 35 (C.A.A.F. 2007). We have a great deal of discretion in determining whether a particular sentence is appropriate, but we are not authorized to engage in exercises of clemency. *United States v. Healy*, 26 M.J. 394, 395–96 (C.M.A. 1988).

We considered the entire record of trial. Our review included the appellant's unsworn statements, his enlisted performance reports, and the defense exhibits submitted at the original court-martial and at the rehearing. We considered the matters submitted during the clemency requests. We also considered the facts of the offense to which the appellant was convicted and all other properly admitted matters. The victim testified at the sentence rehearing about how the appellant's criminal actions affected her at the time, had secondary effects on the entire family, and how they continue to have a negative impact on her. Based on the review of the entire record of trial, we have determined that the adjudged and approved sentence is appropriate.

## *Conclusion*

The findings and sentence are correct in law and fact, and no error materially prejudicial to the substantial rights of the appellant occurred. Articles 59(a) and 66(c), UCMJ, 10 U.S.C. §§ 859(a), 866(c).

---

[6] Our review is limited to relief under Articles 13 and 66, UCMJ, 10 U.S.C. §§ 813, 866. We expressly do not decide if the appellant has any valid back pay claim issues against the United States as this is not within our jurisdiction. *United States v. Dodge,* 60 M.J. 873, 878 (A.F. Ct. Crim. App. 2005). This decision does not foreclose the appellant from pursuing claims for back pay in the United States Claims Court. *Id.*; *Keys v. Cole*, 31 M.J. 228, 234 (C.M.A. 1990); *see, e.g., Combs v. United States*, 50 Fed. Cl. 592 (Fed. Cl. 2001).

Accordingly, the findings and sentence are

AFFIRMED.

FOR THE COURT

LEAH M. CALAHAN
Deputy Clerk of the Court

　ACM 37486 (reh)