# UNITED STATES AIR FORCE
# COURT OF CRIMINAL APPEALS

————————————

**No. ACM 39087**

————————————

**UNITED STATES**
*Appellee*

**v.**

**Aaron M. BUFORD**
Senior Airman (E-4), U.S. Air Force, *Appellant*

————————————

Appeal from the United States Air Force Trial Judiciary

Decided 19 December 2017

————————————

*Military Judge:* Donald R. Eller, Jr.

*Approved sentence:* Bad-conduct discharge and reduction to E-1. Sentence adjudged 19 February 2016 by GCM convened at RAF Lakenheath, United Kingdom.

*For Appellant:* Major Allen S. Abrams, USAF.

*For Appellee:* Lieutenant Colonel Joseph J. Kubler, USAF; Major Amanda L.K. Linares, USAF; Major Mary Ellen Payne, USAF; Gerald R. Bruce, Esquire.

Before HARDING, SPERANZA, and HUYGEN, *Appellate Military Judges.*

Senior Judge HARDING delivered the opinion of the court, in which Judges SPERANZA and HUYGEN joined.

————————————

**PUBLISHED OPINION OF THE COURT**

————————————

HARDING, Senior Judge:

A general court-martial composed of officer members convicted Appellant, contrary to his pleas, of possession and distribution of child pornography in violation of Article 134, Uniform Code of Military Justice (UCMJ), 10 U.S.C.

§ 934.[1] The members sentenced Appellant to a bad-conduct discharge and reduction to E-1. The convening authority approved the adjudged sentence and ordered that "[u]nless competent authority otherwise directs, [Appellant] will be required, under Article 76a, UCMJ, 10 U.S.C. § 876a, to take leave pending the completion of appellate review." At the time Appellant began the required period of what is referred to as appellate leave, he had 73 days of accrued leave. When presented with an option to receive a lump sum payment for the accrued leave or to "use" the leave, Appellant elected the latter, or to "[r]eceive pay and allowances during the period of accrued leave, then continue on unpaid required excess leave." As of the date Appellant filed his appellate brief, he had not been paid for the period of accrued leave.

Appellant asserts he has been improperly denied his pay and this court has jurisdiction under Article 66(c), UCMJ, 10 U.S.C. § 866(c), to provide a remedy.[2] Appellant specifically requests two forms of tailored relief. First, Appellant asks that we prohibit the convening authority from taking final action until Appellant is paid for the period of accrued leave. Secondly, Appellant argues that we should disapprove the approved reduction in grade to E-1 so that his accrued leave is paid at the E-4 rate, which would compensate him for the consequential damages (financial hardships) he attributes to the improper withholding of pay. We hold that Article 66(c), UCMJ, does not grant this court jurisdiction over a pay dispute absent a nexus to the approved sentence. As Appellant's dispute with military officials does not concern the approved sentence, it is beyond our statutory authority. We find no error that materially prejudiced a substantial right of Appellant and affirm the findings and sentence.

---

[1] Appellant's case was previously before this court and our superior court when the Government appealed, pursuant to Article 62, UCMJ, a trial court ruling suppressing digital evidence of child pornography. *United States v. Buford*, Misc. Dkt. No. 2013-26, 2014 CCA LEXIS 226 (A.F. Ct. Crim. App. 4 Apr. 2014) (unpub. op.), *rev'd,* 74 M.J. 98 (C.A.A.F. 2014).

[2] Appellant also raises two issues pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982). First, he asserts the military judge abused his discretion when he declined to suppress the digital evidence underlying Appellant's convictions. Second, Appellant contends his convictions are legally and factually insufficient where the Government introduced no evidence to show Appellant's conduct was of a nature to bring discredit upon the Armed Forces. We have considered and reject these claims, which neither require additional analysis nor warrant relief. *See United States v. Matias*, 25 M.J. 356, 363 (C.M.A. 1987).

## I. BACKGROUND

Shortly after the convening authority took action, Appellant was provided a memorandum notifying him of the requirement that he be placed on excess leave and explaining his options regarding accrued leave. The memorandum stated:

> If you have accrued ordinary leave you can elect to:
>
> a. Receive pay and allowances during the period of accrued leave, then continue on unpaid required excess leave; or
>
> b. Receive a lump sum payment for the accrued leave, as of the day before the required excess leave begins, and serve the entire period of required leave on unpaid excess leave.

Appellant elected to receive pay and allowances during the period of accrued leave and then continue on unpaid required excess leave. According to his sworn declaration, Appellant departed the United Kingdom for the United States on 23 June 2016 with 73 days of accrued leave. Appellant expected that he would continue to receive pay and allowances twice per month through at least the end of August 2016 and then be on unpaid required excess leave pending completion of appellate review. Instead, Appellant last received pay in early July 2016 and had not received a lump sum payment for accrued leave.

Appellant initially sought assistance with his pay issue at the nearest finance and military personnel customer service centers. Personnel at the centers directed Appellant to contact the financial management action officer at the Air Force Security Forces Center (AFSFC) as AFSFC exercises administrative control over Air Force personnel on appellate leave. The AFSFC action officer told Appellant that he would not get paid until his leave period ended, at which time he would receive a lump sum payment. In late August 2016, as the period of his accrued leave was ending, Appellant again contacted the AFSFC action officer to confirm when the lump sum payment would be made. At that time, the action officer noted "discrepancies" in Appellant's records and made an inquiry with the comptroller squadron at Royal Air Force (RAF) Lakenheath.

The point of contact in the RAF Lakenheath comptroller squadron apparently told Appellant that an error in his military personnel record impeded disbursement of the payment for his accrued leave. In his declaration, Appel-

lant states he was told his date of separation (DOS) was not updated[3] prior to him out-processing from RAF Lakenheath in June 2016. While the error was pending resolution at the Air Force Personnel Center, Appellant continued to inquire about the payment through his former squadron at RAF Lakenheath. At some point Appellant's DOS was updated to a date in 2019. On 6 December 2016, the point of contact at the RAF Lakenheath comptroller squadron informed Appellant that a representative at the Defense Finance and Accounting Service (DFAS) advised "that the money not paid to [Appellant] during appellate leave should not be released by finance until [Appellant's] DOS."

## II. DISCUSSION

Appellant does not challenge the legality or appropriateness of the approved sentence. Instead, he takes issue with the decisions of military officials, whether in personnel, finance, or both, that caused a continuing delay of his pay for the period of accrued leave that he elected to receive before going on unpaid excess leave. As this issue concerns a matter not directly connected to the approved sentence, we must first determine whether we have jurisdiction to grant relief. We hold that we do not.

Jurisdiction is a question of law we review de novo. *Randolph v. HV*, 76 M.J. 27, 29 (C.A.A.F. 2017) (citing *LRM v. Kastenberg*, 72 M.J. 364, 367 (C.A.A.F. 2013)). "The burden to establish jurisdiction rests with the party invoking the court's jurisdiction[.]" *Randolph*, 76 M.J. at 29 (quoting *United States v. LaBella*, 75 M.J. 52, 53 (C.A.A.F. 2015)). Military trial and appellate courts, like all federal courts, are courts of limited jurisdiction. *United States v. Wuterich*, 67 M.J. 63, 70 (C.A.A.F. 2008). "They possess only that power authorized by Constitution and statute . . . ." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). The scope and meaning of Article 66(c), UCMJ, which is the source of this court's authority, is a matter of statutory interpretation, which, as a question of law, is reviewed de novo. *United States v. Schloff,* 74 M.J. 312, 313 (C.A.A.F. 2015), *cert. denied*, 136 S. Ct. 915

---

[3] Appellant entered a six-year voluntary enlistment that began on 12 February 2008. Appellant was still serving this enlistment when his trial initially began in October 2013, and continued to do so during the pendency of the Government's appeal. As of 11 February 2014, Appellant would have reached his original expiration of term of service (ETS). Involuntary extensions of Appellant's enlistment for court-martial should have resulted in updates to his ETS and DOS. If such updates were not done, that may explain the "discrepancies" in Appellant's records and lack of pay.

(2016). Article 66(c) establishes the jurisdiction of a military court of criminal appeals (CCA) as follows:

> In a case referred to it, the [CCA] may act only with respect to the findings and sentence as approved by the convening authority. It may affirm only such findings of guilty, and the sentence or such part or amount of the sentence, as it finds correct in law and fact and determines, on the basis of the entire record, should be approved. In considering the record, it may weigh the evidence, judge the credibility of witnesses, and determine controverted questions of fact, recognizing that the trial court saw and heard the witnesses.

10 U.S.C. § 866(c).

That Appellant was not paid during the period he was "using" his accrued leave is an issue distinct from the sentence approved by the convening authority, which consisted of a bad-conduct discharge and reduction to E-1 but involved no confinement or adjudged or mandatory forfeiture of pay. The matter of nonpayment is plainly a collateral administrative matter to the sentence approved by the convening authority.

In a case concerning the jurisdiction of a CCA to review the conditions of post-trial confinement, the United States Court of Appeals for the Armed Forces (CAAF) specifically held a CCA has the "authority to ensure that the severity of the adjudged and approved sentence have not been unlawfully increased by prison officials." *United States v. White*, 54 M.J. 469, 472 (C.A.A.F. 2001). It follows by analogy that we may review the actions of military officials to ensure the severity of the monetary components of a sentence are not unlawfully increased. Article 66(c), however, does not extend a CCA's reach to all finance or personnel matters that may have some link to a court-martial sentence. Indeed, in *United States v. Dodge,* we determined an appellant's claim for back pay was not within our statutory jurisdiction. 60 M.J. 873 (A.F. Ct. Crim. App. 2005), *aff'd,* 61 M.J. 288 (C.A.A.F. 2005) (mem.). While Appellant's pay issue is not a claim for back pay, it, like the appellant's claim in *Dodge*, does not concern the legality or appropriateness of an approved court-martial sentence.[4]

---

[4] In *Dodge*, we noted "in the event th[at] appellant believe[d] that he has such a claim, he should pursue it in the court Congress has vested with jurisdiction over the matter, the United States Court of Federal Claims." Our observation is as true today as it was over 10 years ago.

Notwithstanding our holding in *Dodge,* Appellant, relying primarily on *Unites States v. Gay,* 75 M.J. 264 (C.A.A.F. 2016), contends this court has jurisdiction to remedy his lack of pay because Article 66(c) grants broad discretion to determine which part of a sentence "should be approved." While we agree that CCAs do have considerable discretion that discretion is not unlimited.

In *Gay,* CAAF held this court "did not abuse its discretion when it exercised its Article 66(c) sentence reassessment authority for post-trial confinement conditions despite its conclusion that the conditions did not rise to a violation of the Eighth Amendment or Article 55." *Id.* at 268. In doing so, CAAF also made clear that the authority to grant sentence appropriateness relief is not unlimited and, specifically, a CCA is not empowered to grant relief for any condition of post-trial confinement of which the CCA disapproves. Rather, a CCA is authorized by Article 66(c) to grant relief for sentence appropriateness if it finds a "legal deficiency in the post-trial process." In *Gay*, the legal deficiency resulted in improper solitary confinement and "conditions of confinement that were more severe than what [appellant] should have experienced." *Id.* at 269. We note that the authority validated in *Gay* was rooted and limited to a legal deficiency that *directly impacted a component of the sentence*. It is clear that *Gay* may be cited for the proposition that a CCA is not limited to violations of the Eighth Amendment to the United States Constitution, Article 55, UCMJ, 10 U.S.C. § 855, or other defined rights and protections as a basis for granting relief. However, CAAF in *Gay* did not recognize unlimited authority under Article 66(c), UCMJ, for a CCA to grant sentencing relief, including for errors collateral to the court-martial process. We are neither persuaded that we have such unlimited authority nor convinced that we should exercise any of our limited authority to grant relief for an administrative matter unrelated to any legal deficiency and unconnected to the legality or appropriateness of a court-martial sentence.

Although not expressly raised to establish jurisdiction, Appellant characterizes the withholding of pay as "punitive" and asserts he is "being improperly punished." We considered whether a mere claim of improper post-trial punishment establishes jurisdiction; we hold that it does not. In *Dodge,* we considered and rejected the appellant's claim that lack of pay amounted to illegal post-trial punishment. We found the appellant fell "far short of demonstrating that a failure to restore the appellant to a pay status was based on an intent to subject him to illegal punishment." We concluded that a bare claim of illegal punishment, absent some evidence of intent to subject an appellant to illegal post-trial punishment, did not establish jurisdiction over collateral pay issues. Appellant has similarly failed to present any evidence to establish that any member of his command or other military official with-

held his pay for the period of accrued leave in order to increase the severity of his sentence and impose illegal post-trial punishment.

## III. CONCLUSION

The approved findings and sentence are correct in law and fact, and no error materially prejudicial to the substantial rights of Appellant occurred. Articles 59(a) and 66(c), UCMJ, 10 U.S.C. §§ 859(a), 866(c). Accordingly, the findings and sentence are AFFIRMED.

FOR THE COURT

KATHLEEN M. POTTER
Acting Clerk of the Court