# UNITED STATES AIR FORCE
# COURT OF CRIMINAL APPEALS

————————————

**No. ACM 39506**

————————————

**UNITED STATES**
*Appellee*

**v.**

**Jason A. YEARGIN**
Technical Sergeant (E-6), U.S. Air Force, *Appellant*

————————————

Appeal from the United States Air Force Trial Judiciary

Decided 8 July 2019

————————————

*Military Judge:* Christopher M. Schumann.

*Approved sentence:* Dishonorable discharge, confinement for 6 months, forfeiture of all pay and allowances, reduction to E-1, and a reprimand. Sentence adjudged 5 April 2018 by GCM convened at Osan Air Base, Republic of Korea.

*For Appellant:* Major Rodrigo M. Caruço, USAF.

*For Appellee:* Lieutenant Colonel G. Matt Osborn, USAF; Mary Ellen Payne, Esquire.

Before JOHNSON, DENNIS, and LEWIS, *Appellate Military Judges*.

————————————

**This is an unpublished opinion and, as such, does not serve as precedent under AFCCA Rule of Practice and Procedure 18.4.**

————————————

PER CURIAM:

Appellant was convicted, in accordance with his pleas, of one specification of willful dereliction of duty, five specifications of making a false official statement, one specification of larceny, one specification of forgery, and one specification of fraud against the United States in violation of Articles 92, 107, 121, 123, and 132, Uniform Code of Military Justice (UCMJ), 10 U.S.C. §§ 892, 907,

921, 923, 932. A military judge sitting alone sentenced Appellant to a dishonorable discharge, confinement for 10 months, forfeiture of all pay and allowances, reduction to the grade of E-1, and a reprimand. In accordance with the pretrial agreement, the convening authority approved confinement for only six months, but otherwise approved the sentence as adjudged.

# I. DISCUSSION

Appellant identified three issues for our consideration pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982): (1) whether requiring Appellant to work without pay and prohibiting outside employment resulted in involuntary servitude; (2) whether the commander who ordered Appellant into pretrial confinement had the legal authority to do so; and (3) whether Appellant's trial defense counsel's marriage to a judge advocate in the legal office was a conflict of interest. We briefly address each issue in turn.

## A. Involuntary Servitude

Appellant stole more than $146,000 from the Government through an entitlement fraud scheme over the course of three years. When the Defense Finance and Accounting Service (DFAS) became aware of the overpayment, it administratively garnished Appellant's wages to recover the overpaid entitlements. The wage garnishment began in September 2017, approximately four months before charges were preferred against Appellant. Appellant asserts that his wage garnishment was tantamount to involuntary servitude. We need not resolve the issue of Appellant's wage dispute as it "does not concern the legality or appropriateness of an approved court-martial sentence." *United States v. Buford*, 77 M.J. 562, 565 (A.F. Ct. Crim. App. 2017). Whether DFAS properly garnished Appellant's wages is an administrative question over which we have no jurisdiction. *United States v. Dodge*, 60 M.J. 873, 878 (A.F. Ct. Crim. App. 2005), *aff'd*, 61 M.J. 288 (C.A.A.F. 2005) (mem.); *see also Howell v. United States*, 75 M.J. 386, 393–94 (C.A.A.F. 2016) (holding that illegal pretrial punishment under Article 13, UCMJ, 10 U.S.C. § 813, is triggered only when the Government's action "serves no legitimate, nonpunitive purpose."). As we stated in *Dodge*, "[i]n the event the appellant believes that he has such a claim, he should pursue it in the court Congress has vested with jurisdiction over the matter, the United States Court of Federal Claims." 60 M.J. at 878.

## B. Pretrial Confinement

Appellant alleges that the officer who ordered him into pretrial confinement was not Appellant's commander so he was therefore "[im]properly ordered into pretrial confinement." We have considered Appellant's claim and find it to be squarely resolved by Rules for Courts-Martial 304(b)(2) and 305(c) which provide that "[a]ny commissioned officer" may order pretrial restraint,

including pretrial confinement, of any enlisted person. We find no further discussion warranted under the facts of this case. *See United States v. Matias*, 25 M.J. 356, 361 (C.M.A. 1987).

## C. Conflict of Interest

Contrary to his assertion at trial, Appellant now claims that his trial defense counsel's marriage to a judge advocate in the base legal office was a conflict of interest. At first glance, the issue appears to present, at a minimum, the perception of a conflict of interest. But the military judge resolved the apparent conflict through an extensive colloquy with Appellant. After the military judge outlined the potential conflicts and the consequences of a waiver, Appellant provided the following explanation for why he wanted to retain his defense counsel:

> Sir, he has been with my case this entire time now. He has proved to be competent and confident in my--and he understands everything going on in my case so, I trust him. I believe he will provide me the best counsel possible.

Having reviewed the entire record, we, like the military judge, find that Appellant "knowingly and voluntarily waived his right to conflict-free counsel." *See United States v. Lee*, 66 M.J. 387, 388 (C.A.A.F. 2008) ("An accused may waive his right to conflict-free counsel" provided the waiver is a voluntary, knowing, and intelligent act done "with sufficient awareness of the relevant circumstances and likely consequences." (internal quotations and additional citations omitted)).

## II. CONCLUSION

The approved findings and sentence are correct in law and fact, and no error materially prejudicial to the substantial rights of Appellant occurred. Articles 59(a) and 66(c), UCMJ, 10 U.S.C. §§ 859(a), 866(c) (2016). Accordingly, the findings and sentence are **AFFIRMED**.

FOR THE COURT

*Carol K. Joyce*

CAROL K. JOYCE
Clerk of the Court